[Cite as *First Place Bank v. Blythe*, 2013-Ohio-2550.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FIRST PLACE BANK, | ) | CASE NO.   12 CO 27 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| WALTER BLYTHE, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |


CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court, Case No. 10CV702.


JUDGMENT:     Affirmed in part; Modified in part.


APPEARANCES:
For Plaintiff-Appellee:     Attorney Eric Deighton
24756 Chagrin Boulevard., Suite 200
Cleveland, Ohio  44122


For Defendants-Appellants:     Attorney Michael Roth
200 North Main Street
Minerva, Ohio  44657


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


Dated:  June 10, 2013

[Cite as *First Place Bank v. Blythe*, 2013-Ohio-2550.]
VUKOVICH, J.

{¶1} Defendant-appellant Walter Blythe appeals the decision of the Columbiana County Common Pleas Court granting First Place Bank's motion for summary judgment and ordering foreclosure on his property located at 31991 St. Rt. 172, Hanoverton, Ohio. Three issues are presented in this appeal. The first issue is whether the trial court erred when it granted summary judgment in First Place Bank's favor after it had previously denied an almost identical request. The second issue is whether the trial court's indication in the foreclosure order that Walter Blythe was in default is inconsistent with its previous order that denied the request for default judgment against Walter Blythe. The third issue is whether a personal judgment against Blythe could be ordered after he was granted a general discharge in U.S. Bankruptcy Court in the Southern District of Florida.

{¶2} For the reasons expressed below, the trial court did not err when it granted First Place Bank's second request for summary judgment and entered a personal judgment against Blythe. However, in the foreclosure decree, the trial court incorrectly stated that Blythe is in "default of answer or other pleading." This incorrect statement does not provide a basis for reversal because the trial court was already correctly granting summary judgment and ordering foreclosure. Therefore, no prejudice results from the incorrect statement. Accordingly, for those reasons, the trial court's judgment is affirmed in part and modified in part. The third paragraph of the June 13, 2012 foreclosure judgment entry that indicates that Blythe is in default is struck. The remainder of the judgment stands.

## Statement of the Case

{¶3} In August 2010 and November 2010, First Place Bank filed a complaint and amended complaint sounding in foreclosure and money judgment against Walter Blythe in his individual capacity and in his capacity as Trustee of the Blythe Family Trust and against Gary Blythe as Successor Trustee of the Blythe Family Trust. In the complaint, First Place Bank alleged that the defendants were in default on two notes secured in 2003. The property that allegedly secured these notes was located at 31991 St. Rt. 172, Hanoverton, Ohio. The alleged amount owing on the first note

is $142,474.16. The alleged amount owing on the second note is $31,124.91. These notes were signed by Walter Blythe and Kathryn Blythe (now deceased) in their individual capacities.

{¶4}    Gary Blythe, as successor trustee, answered the complaint and amended complaint denying all allegations.

{¶5}    First Place Bank filed its first motion for summary judgment on January 21, 2011. Attached to the motion was an affidavit from Donna Shaw, a senior loan default specialist.

{¶6}    In response to the motion for summary judgment, Walter and Gary Blythe, as trustees, filed a motion to dismiss claiming that the notes were signed in Walter's individual capacity, not as trustee for the trust. Furthermore, the trustees asserted that property located at 31991 St. Rt. 172, Hanoverton, Ohio is in Walter Blythe's name individually, not in the name of the trust.

{¶7}    First Place Bank opposed the motion to dismiss claiming that the trustees are correctly named in the complaint. Attached to the motion is a quit-claim deed filed in May 2004 that indicates that the trust owns the property located at 31991 St. Rt. 172, Hanoverton, Ohio.

{¶8}    Walter and Gary Blythe, as trustees, filed a response to First Place Bank's opposition motion. Attached to that motion is a May 2010 deed that was recorded prior to the foreclosure action that transferred the property to Walter Blythe in his individual capacity.

{¶9}    Following these filings, the trial court converted the motion to dismiss into a motion for summary judgment because the trustees had included documentation outside the pleadings in their response. The trial court then denied the motion for summary judgment indicating that there were genuine issues of material fact:

> The Court finds that the evidence does not support the Plaintiff's Motion for summary judgment, leaving unresolved at least one central issue of fact. Specifically, the Plaintiff [First Place Bank] claims that the affidavit supporting its Motion demonstrates that, "The note and

mortgage attached to Plaintiff's Complaint are true copies of the original note and mortgage executed by Walter J. Blythe and Kathryn A. Blythe, Trustees of the Blythe Family Trust dated March 25, 1994. * * * The affidavits of Donna Shaw [attached to the motion for summary judgment], however, make absolutely no mention of who signed the note and mortgage or whether they were signed in any representative capacity. On their face, however, the various instruments attached to the Amended Complaint demonstrate that they were signed without reference to the Blythe Family Trust.

03/15/11 J.E.

{¶10} The trial court went on to explain that it also could not grant the motion to dismiss. The trial court specifically found that it was unclear what real property secured payment of the notes. One of the notes identified the property as 31991 State Route 172, Hanoverton, Ohio. The mortgage associated with this note identified the property as 31992 State Route 172, Hanoverton, Ohio and parcel identification number 2700530. The other note referred to the property as 31991 State Route 172, Hanoverton, Ohio ,and also referred to the property as 31911 State Route 172, Hanoverton, Ohio. The mortgage associated with this note identified the property as 31991 State Route 172, Hanoverton, Ohio and parcel identification number 2700530. 03/15/11 J.E.

{¶11} Following this decision, Walter Blythe requested that the case proceed to mediation, which it did. However, mediation failed.

{¶12} Thereafter, First Place Bank filed a motion for default judgment and a motion for summary judgment. 04/20/12 Motions. The motion for default judgment was against Walter Blythe in his individual capacity and in his capacity as trustee. The summary judgment motion was against all defendants. Attached to the 2012 motion for summary judgment was an affidavit from Donna Shaw that was almost identical to the affidavit that was attached to the 2011 motion for summary judgment. The trial court gave the defendants' until May 4, 2012 to file any briefs in opposition.

The defendants' filed a motion in opposition to First Place Bank's Motion for Default Judgment on May 4, 2012. No other motion in opposition was filed.

{¶13} On May 9, 2012, the trial court issued it decision. It denied the motion for default judgment because the trustees have appeared and defended the action. However, because First Place Bank's motion for summary judgment was unopposed and supported by an affidavit of Donna Shaw, the trial court granted the motion. The Foreclosure Decree was issued on June 13, 2012.

{¶14} Walter Blythe timely appealed from that decision.

## Standard of Review

{¶15} The arguments presented in this appeal address the trial court's grant of summary judgment for First Place Bank. In reviewing a summary judgment award, we apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.,* 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we apply the same test as the trial court. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

## First Assignment of Error

{¶16} "The trial court erred in granting Plaintiff-Appellee's motion for Summary Judgment as genuine issues of material fact existed that defendant-appellant had failed to oppose said motion and the trial court had previously denied an identical motion of plaintiff-appellee's."

{¶17} First Place Bank filed two motions for summary judgment, one on January 21, 2011 and the second on April 20, 2012. The two motions are almost substantively identical. Attached to each motion is the note and mortgage for the $157,500 loan that was secured by the real property located at 31991 St. Rt. 172, Hanoverton, Ohio, and the home equity line and open-end mortgage for $31,200 that was secured by the property located at 31991 St. Rt. 172, Hanoverton, Ohio. Also attached to the motions are affidavits from Donna Shaw, the senior loan default

specialist from First Place Bank. The only difference between the affidavits attached to the 2011 motion for summary judgment and the affidavits attached to the 2012 motion for summary judgment is that the 2011 affidavits only reference Walter Blythe; it does not reference Kathryn Blythe. The 2012 affidavits reference both Walter Blythe and Kathryn Blythe. Walter Blythe contends that since the motions for summary judgment are basically identical, without more evidence, the trial court should have reached the same conclusion that it had in 2011, that there were genuine issues of material fact that precluded a grant of summary judgment.

{¶18} At the outset, it is noted that the denial of a motion for summary judgment is a nonfinal order that can be reconsidered by the trial court at any time. *Moore v. Ohio Valley Coal Co.,* 7th Dist. No. 05 BE 3, 2007–Ohio–1123, at ¶ 11. A court is not bound by its prior decision denying summary judgment. *Hull v. Astro Shapes, Inc.*, 7th Dist. No. 10MA26, 2011-Ohio-1656, ¶ 25. To the contrary, a court may reconsider it either by motion of one of the parties or sua sponte. *Id.* It "is subject to revision by the trial court at any time prior to entry of final judgment, and the court may correct an error upon motion for reconsideration predicated upon the same law and facts." *Poluse v. City of Youngstown*, 135 Ohio App.3d 720, 725, 735 N.E.2d 505 (7th Dist.1999).

{¶19} Therefore, essentially, when First Place Bank filed its 2012 motion for summary judgment it was asking the trial court to reconsider its prior ruling, which it was permitted to do.

{¶20} Furthermore, the trial court did not commit error when it reconsidered its prior ruling. Admittedly the summary judgment motions are nearly identical, however, there was one substantive change to the second motion that rendered the trial court's decision to deny the first motion obsolete. As aforementioned, after reviewing the 2011 motion for summary judgment, the trial court denied the motion because in the motion it claimed that attached to the complaint were true copies of the original note and mortgage executed by Walter Blythe and Kathryn Blythe, Trustees of the Blythe Family Trust dated March 25, 1994. However, the affidavit of Donna Shaw made no mention of who signed the notes and mortgages and whether they were signed in the

representative capacity. The note, mortgage, open-end mortgage and home equity line, on their face, appear to be signed by Walter and Kathryn Blythe in their individual capacity. The second motion for summary judgment did not claim that the mortgage and note were executed by Walter and Kathryn Blythe as trustees for the Blythe family trust. Rather, it claimed that the mortgage and note were executed by Walter Blythe individually and that he was in default of payment of the note. Such a statement corresponded with the instruments attached to the motion for summary judgment, which show that they were executed by Walter and Kathryn Blythe in their individual capacities. Accordingly, the genuine issue of material fact that was found based on the first motion for summary judgment was rectified in the second motion for summary judgment.

{¶21} Blythe also contends that when the trial court denied the original motion for summary judgment it also noted that there were internal inconsistencies as to the true property that was encumbered by the notes. He claims that these internal inconsistencies were not corrected and provide a basis for denying the motion for summary judgment.

{¶22} As previously discussed in the fact section, the trial court's March 15, 2011 ruling did find internal inconsistencies in identifying the property being encumbered. In the four instruments, the property was referred to as 31991 St. Rt. 172, Hanoverton, Ohio; 31992 St. Rt. 172, Hanoverton, Ohio; parcel identification number 2700530; and 31911 St. Rt. 172, Hanoverton, Ohio. This indicated to the trial court that the instruments may be referencing entirely separate parcels of property.

{¶23} However, the trial court, when discussing these inconsistencies, was indicating why the motion to dismiss could not be granted. It was not discussing why First Place Bank's motion for summary judgment could not be granted.

{¶24} Regardless, as explained above, it was within the trial court's discretion to reconsider its prior ruling. When looking at the four instruments attached to the motion for summary judgment, it is clear that there were different house numbers used. However, upon closer examination it appears that some of these were

typographical errors. Exhibit A attached to the motions for summary judgment is the $157,500 note. The property listed on this note is 31991 St. Rt. 172, Hanoverton, Ohio. Exhibit B is the mortgage. This lists the property address as 31992 St. Rt. 172, Hanoverton, Ohio and lists parcel identification number 2700530. Attached to this mortgage is a legal description and an adjustable rate rider. The legal description does not list a property address. However, the adjustable rate rider lists 31991 St. Rt. 172, Hanoverton, Ohio. Exhibit C is the home equity line. The first page of this document lists the property as 31991 St. Rt. 172, Hanoverton, Ohio. However, on the second page it lists the address as 31911 St. Rt. 172, Hanoverton, Ohio. Exhibit D is the open-end mortgage. This document lists the property as 31991 St. Rt. 172, Hanoverton, Ohio and as parcel identification number 3700530. Attached to this document is a legal description that is identical to the one attached to Exhibit B. When reading all of these documents together it appears that they are referring to the same property, 31991 St. Rt. 172, Hanoverton, Ohio, which is parcel identification number 3700530. All other references are typographical errors. Walter Blythe's own appellate brief confirms that the mortgages were secured by real property located at 31991 St. Rt. 172, Hanoverton, Ohio and indicates that there were typographical errors in the instruments when they referred to the property.

{¶25} Therefore, considering all the above, the trial court was permitted to a re-review of these documents and conclude that it is clear that the property being encumbered is 31911 St. Rt. 172, Hanoverton, Ohio. This is especially the case since Walter Blythe did not present any argument to the contrary, despite being given the opportunity.

{¶26} Next, Blythe contends that the trial court incorrectly stated that he did not file a motion in opposition to the second motion for summary judgment. Despite his insistence to the contrary, the record reveals that Walter Blythe, individually or as trustee for the Blythe family trust, did not file a motion in opposition to the second motion for summary judgment. Admittedly, in his capacity as trustee, he did file a motion to dismiss the complaint in response to the first motion for summary judgment, which the trial court converted into a reciprocal motion for summary

judgment. However, no such similar action was taken in response to the second motion for summary judgment. The only motion that he filed was a motion in opposition to default judgment. 05/04/12 Motion. This motion, however, does not contain any arguments concerning why the motion for summary judgment should not be granted.

**{¶27}** Without opposition and when considering the second motion and the attachments, we hold that the trial court did not err in granting summary judgment for First Place Bank against Walter Blythe. This assignment of error lacks merit.

Second Assignment of Error

**{¶28}** "The trial court erred in approving plaintiff-appellee's Judgment entry filed June 13, 2012 indicating that Defendant-appellee's were in default of answer."

**{¶29}** The allegedly offending paragraph in the June 13, 2012 judgment entry reads:

> The Court finds that all necessary parties have been served with summons according to law and are properly before the Court, that the defendants, Walter J. Blythe, individually and Walter J. Blythe, Trustee of the Blythe Family Trust dated March 25, 1994, are in default of answer or other pleading and thereby confess the allegations of the Complaint to be true and said defendants are forever barred from asserting any right, title, or interest in and to the hereinafter described premises.

**{¶30}** This statement is in conflict with the trial court's prior holding issued on May 9, 2012, which denied First Place Bank's request for a default judgment against Walter Blythe in both his individual and trustee capacity. The trial court specifically found that he had appeared and defended the action. 05/09/12 J.E.

**{¶31}** The May 2012 decision is correct. Admittedly, Walter Blythe, individually and as trustee for the Blythe family trust, did not a file an answer to the complaint; the only name appearing on the answers to the original and amended complaints is Gary Blythe, as successor trustee. That said, Walter Blythe, in his trustee capacity did join Gary Blythe, as trustee, in filing the February 11, 2011

motion to dismiss the complaint. Walter Blythe's name in his individual capacity does not appear on this motion. However, Walter Blythe in his individual and trustee capacity requested a continuance and permission to pursue mediation. 10/05/11 Motion. Furthermore, Walter Blythe in both capacities filed a motion in opposition to First Place Bank's motion for default judgment. 5/4/12 Motion. Consequently, considering those filings, the trial court correctly determined that Walter Blythe, as an individual and as a trustee, had appeared and defended the action.

{¶32} Given the discrepancies between the May 9, 2012 judgment entry and the June 13, 2012 judgment entry, we find that there is merit with this assignment of error; the trial court incorrectly stated in its June 13, 2012 foreclosure decree that Walter Blythe was in default. However, this error does not provide a basis for reversal, rather it merely requires modification of the June 13, 2012 judgment entry. In the paragraphs preceding the incorrect statement the trial court correctly determined that First Place Bank is entitled to summary judgment as a matter of law. Therefore, the offending language does not result in prejudice and can be corrected by this court modifying the judgment entry to strike the third paragraph of the June 13, 2012 judgment entry.

Third Assignment of Error

{¶33} "The trial court erred in approving plaintiff-appellee's judgment entry filed June 13, 2012, granting judgment against Defendant-appellant Walter J. Blythe as he is immune from personal liability on said note because he had received a chapter 7 bankruptcy discharge."

{¶34} This assignment of error concerns Walter Blythe in his individual capacity solely. He claims that the trial court's judgment renders him personally liable for the default on the two promissory notes. He asserts that such decision is a clear error because in February 2010 he filed a Chapter 7 bankruptcy proceeding in the U.S. Bankruptcy Court, Southern District of Florida and he was later granted a general discharge. Therefore, he contends that he is immune from personal liability in this foreclosure action. He further claims that First Place Bank had knowledge of the bankruptcy proceedings and did not object to the general discharge.

**{¶35}** We agree with his general proposition that a discharge through bankruptcy court means that a mortgagee cannot be found personally liable in a foreclosure action. It has been explained that "[a] defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. However, such a discharge extinguishes only 'the personal liability of the debtor' * * *. [A] creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Blue View Corp. v. Gordon*, 8th Dist. No. 88936, 2007-Ohio-5433, ¶ 22, quoting *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 St.Ct. 2150 (1991). *See also Deutsche Bank Nat. Trust Co. v. Doucet*, 10th Dist. No. 07AP-453, 2008-Ohio-89, ¶ 17; *Bank One, NA v. Dillon*, 9th Dist. No. 04CA008571, 2005-Ohio-1950, ¶ 10; *Rogers v. Huntington Natl. Bank*, 12th Dist. No. CA2004-03-005, 2004-Ohio-7045, ¶ 19; *In re Honaker*, 6th Dist. No. L-00-1186, 2001 WL 27541 (Jan. 12, 2001). Thus, the mortgagor is entitled to pursue its action in rem for the foreclosure of the mortgage lien. *Blue View Corp.*; *Doucet*; *Dillon*; *Rogers*; *In re Honaker*.

**{¶36}** That said, we cannot reverse the trial court's decision finding him personally liable. The argument was not raised to the trial court; the record is devoid of any indication that Blythe made the argument and/or provided documentation to support his claim that he filed for bankruptcy protection and received a general discharge. Appellate courts will not consider arguments that parties raise for the first time on appeal. *Litva v. Richmond,* 172 Ohio App.3d 349, 2007-Ohio-3499, 874 N.E.2d 1243, at ¶ 18 (7th Dist.). Consequently, this assignment of error lacks merit.

<u>Conclusion</u>

**{¶37}** The first and third assignments of error lack merit. There is merit with the second assignment of error; the trial court incorrectly stated in its June 13, 2012 foreclosure decree that Walter Blythe was in default. However, the trial court's misstatement does not provide a basis for reversal since there is no prejudice resulting from the error. Modification can correct the trial court's incorrect statement that Blythe is in default by striking the third paragraph of the judgment entry.

{¶38} Therefore, in accordance with the above, the judgment of the trial court is affirmed in part and modified in part.

Donofrio, J., concurs.
DeGenaro, P.J., concurs.