NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0778n.06

Case No. 12-3884

FILED

Oct 14, 2014

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RONALD PHILLIPS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| MARK HOUK, Warden, | ) | OHIO |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, CLAY, and GIBBONS, Circuit Judges.

**SILER**, Circuit Judge. Ronald Phillips, a prisoner in state custody in Ohio, filed a petition for habeas relief asserting, among other things, that his guilty plea in 2006 was not knowing and voluntary. The district court declined to reach the merits of Phillip's plea-voluntariness claim, finding it was procedurally defaulted. We **REVERSE** and **REMAND**.

**I.**

In 2005, police in Akron, Ohio, arrested Phillips after conducting a controlled drug buy of methamphetamine. In 2006, Phillips pled guilty before the state trial court. He signed a "written plea of guilt," in which he pled to the following charges: (1) two counts of aggravated possession; (2) possession of marijuana; and (3) complicity to commit trafficking, with a major-

drug-offender specification. The trial court dismissed the remaining charges against Phillips and sentenced him to fifteen years of imprisonment.

Phillips appealed his conviction and sentence, raising two assignments of error: (1) the trial court erred when it found Phillips to be a major drug offender because the statutory elements were not satisfied; and (2) the trial court's imposition of the major-drug-offender sentence was void. The Ohio Court of Appeals affirmed Phillips's conviction and sentence. As a necessary incident to its ruling, the Ohio Court of Appeals held that Phillips's plea was knowing and voluntary:

> The record reflects, however, that Phillips waived both of these arguments by pleading guilty in the court below.
>
> {¶6} Crim.R. 11(B)(1) provides that a "plea of guilty is a complete admission of the defendant's guilt." "A defendant who enters a knowing, voluntary, and intelligent guilty plea waives all nonjurisdictional defects for the purpose of future proceedings." *State v. Niepsuj*, 9th Dist. No. 23929, 2008-Ohio-1050, at ¶ 7, citing *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶78. This includes the right to challenge the sufficiency of the evidence underlying the conviction to which he pled guilty. *Niepsuj* at ¶ 7.
>
> {¶7} During the December 13, 2006 plea and sentencing hearing, the court outlined all the rights that Phillips would be waiving by agreeing to enter a guilty plea. The trial court asked Phillips if he wished to "admit to four counts with the major drug offender specification appended to one," and Phillips indicated that he did. The trial court then went through each count and discussed the sentencing ranges for each count, including the major drug offender specification. Phillips indicated that he understood that the court could impose "anywhere from one to ten years" for the specification. Accordingly, the record reflects that Phillips understood all his rights and the consequences of foregoing those rights, but still expressed his desire to enter a guilty plea.

*State v. Phillips*, 2008 WL 5340211, at *1-2 (Ohio Ct. App. 2008). The court also noted that "Phillips's written plea agreement further evinces his knowing, voluntary, and intelligent plea to the charges, including his major drug offender specification." *Id*. at 2. The Ohio Supreme Court denied Phillips leave to appeal. *State v. Phillips*, 904 N.E.2d 902 (Ohio 2009) (Table).

Before the Ohio Supreme Court denied his appeal, Phillips filed an application under Ohio Appellate Rule 26(B) to reopen his direct appeal. Phillips alleged his appellate counsel was ineffective for failing to raise several issues on appeal, including that: (1) the trial court had no authority to impose the major-drug-offender add-on sentence; (2) his trial counsel was ineffective for failing to properly raise Phillips's challenge to his major-drug-offender specification; and (3) the trial court committed plain error by convicting Phillips of the major-drug-offender specification. The Ohio Court of Appeals denied Phillips's application. The Ohio Supreme Court again denied review.

Phillips then filed his petition seeking habeas relief, pursuant to 28 U.S.C. § 2254. In it, he raised three grounds for relief: (1) violation of due process of law; (2) ineffective assistance of counsel; and (3) ineffective assistance of appellate counsel. After filing his habeas petition, Phillips moved to withdraw his guilty plea in the state trial court. That court denied Phillips's motion on res judicata grounds. On appeal, the Ohio Court of Appeals vacated the trial court's judgment, but denied relief to Phillips, holding that under *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 378 N.E.2d 162 (Ohio 1978), the trial court lacked jurisdiction to consider the plea withdrawal motion. *State v. Phillips*, 2011 WL 1005463, at *2 (Ohio Ct. App. 2011). The Ohio Supreme Court denied Phillips leave to appeal. *State v. Phillips*, 955 N.E.2d 387 (Ohio 2011) (Table).

After filing the motion to withdraw his guilty plea, but before appealing the denial of that motion, Phillips was permitted to amend his habeas petition with the district court to include his plea-voluntariness claim. Upon review, however, the district court dismissed the petition. We granted a certificate of appealability on whether the district court erred in denying Phillips's voluntariness-of-plea claims.

**II.**

"In appeals of federal habeas corpus proceedings, we review the district court's legal conclusions *de novo* and its factual findings under a clearly erroneous standard." *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999) (internal quotation marks omitted).

**III.**

State courts must have the first "opportunity to pass upon and correct" potential violations of a state prisoner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Moreover, if a state court has applied a procedural rule and declined to address the merits of a habeas claim, the procedural default doctrine bars federal review on the merits as well, absent a showing of "cause" and "prejudice." *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In this case, the last explained state court decision vacated the trial court's judgment and held that under *Special Prosecutors* the trial court lacked jurisdiction to consider Phillips's plea withdrawal motion. The crucial issue, then, is whether the rule from *Special Prosecutors* that the appeals court applied functions as a procedural bar. While there is no dispute that the Ohio Court of Appeals in 2011 declined relief without reaching the merits of Phillips's plea-voluntariness claim, all state rules which block a merits-review do not constitute procedural defaults. *See Cone v. Bell*, 556 U.S. 449, 467 (2009) ("When a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review.").

In *Special Prosecutors*, a defendant pled guilty to a murder charge and his conviction was affirmed by the Ohio Court of Appeals. 378 N.E.2d at 163. The defendant thereafter successfully petitioned the trial court to withdraw his guilty plea. *Id.* The state of Ohio appealed, arguing that the trial court was without jurisdiction to grant the defendant's plea

withdrawal. *Id.* The Supreme Court of Ohio agreed, noting that the trial court's order granting the defendant's plea withdrawal was "inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea." *Id.* at 165.

The holding from *Special Prosecutors*—"[t]he judgment of [a] reviewing court is controlling upon [a] lower court as to all matters within the compass of the judgment"—is, in effect, an application of the mandate rule. *Id.* at 165; *see State v. Carlisle*, 961 N.E.2d 671, 673 (Ohio 2011) (characterizing *Special Prosecutors* as an application of the mandate rule); *see also Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939) (clarifying that the same test applied by *Special Prosecutors* is an application of the mandate rule). The mandate rule bars reconsideration of all claims "within the compass" of an appellate mandate – including claims that were actually decided or that should have been raised in the prior appeal. *See State v. Carlisle*, No. 93266, 2010 WL 2857806, at *3 (Ohio Ct. App. July 22, 2010), *aff'd on other grounds*, 961 N.E.2d 671 (Ohio 2011) (quoting *Sprague*, 307 U.S. at 168 (explaining that the mandate rule bars on waiver grounds claims necessarily implied in the initial suit)); *see also United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003) (mandate rule bars relitigation of issues conclusively decided and issues that are deemed waived). In *Carlisle*, the Ohio Court of Appeals clarified that the mandate rule is a jurisdictional sub-species of *res judicata*. 2010 WL 2857806, at *3. Whereas law of the case is broadly applicable and non-jurisdictional, the mandate rule, pertaining only to the relationship between appellate and inferior courts, is a jurisdictional bar on the inferior court's authority to reconsider issues that were expressly or impliedly decided in a previous appeal. *Id.*

Moreover, under *Cone*, state procedural rules sounding in *res judicata* generally do not constitute procedural defaults. *See LeBere v. Abbott*, 732 F.3d 1224, 1231 (10th Cir. 2013);

*Moore v. Bryant*, 295 F.3d 771, 776 n.1 (7th Cir. 2002) ("[W]e have repeatedly held that res judicata is not a bar to consideration of claims in a federal habeas action."). A state-court ruling denying a claim as already adjudicated, far from being a procedural default, "provides strong evidence that the claim has already been given full consideration by the state courts and thus is *ripe* for federal adjudication." *Cone*, 556 U.S. at 467. Where a state court denies a claim *as waived*, the claim is procedurally defaulted and the federal court may not review the claim absent a showing of cause and prejudice; but where a state court denies a claim *as already litigated*, whether or not correct, the claim is not procedurally defaulted. *Id*. at 466–69.

Because the rule in *Special Prosecutors* sweeps more broadly than the procedural rule at issue in *Cone*—*Special Prosecutors* deprives Ohio trial courts of jurisdiction where the issue was previously decided (which is not a procedural default) *as well as* where the issue is deemed waived (which is a procedural default)—we must examine how it was specifically applied in this case. The 2011 decision by the Ohio Court of Appeals is unclear on its face as to whether Phillips's plea-voluntariness claim was being denied as previously decided or as waived. The Warden, however, concedes in his appellate brief that the court of appeals denied Phillips's claim because the merits were previously adjudicated:

> Because Ohio does not permit the filing of motions to withdraw guilty pleas *when, as here, the specific issue has been decided on direct review*, and because the Ohio appellate court specifically ruled that the trial court had no jurisdiction to entertain Phillips's motion to withdraw his guilty plea, the record reflects that the state court imposed a procedural bar and refused to hear the merits of Phillips's motion to withdraw his plea.
> It is a well-established principle that an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.' *Griggs v. Provident Consumer Discount*, 459 U.S. 56, 58 (1982). . . .
> Here the state court enforced the rule in *Special Prosecutors*. *It is indisputable that the state appellate court ruled on the voluntariness of Phillips' plea when it considered his direct appeal*.

Resp. Br. at 18–19 (emphasis added); *see also id*. at 17 n.5 ("[T]he specific issue of the voluntariness of Phillips's plea was decided upon direct appeal."). Accordingly, under the rule established in *Cone*, Phillips's claim is not procedurally defaulted.

## IV.

The above analysis does not mean, however, that Phillips is entitled to a *de novo* review of his plea-voluntariness claim. Because his claim was adjudicated on the merits by the Ohio Court of Appeals, the district court should review that decision under the provisions set out in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d).

The district court's order dismissing Phillips's habeas petition on the plea-voluntariness issue is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.