[Cite as *Smith v. Summerville*, 2017-Ohio-8919.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WILLIAM R. SMITH III, | ) | CASE NO. 17 MA 0015 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| STEVE SUMMERVILLE et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                                          Pleas of Mahoning County, Ohio.
                                                          Case No. 13 CV 1595

JUDGMENT:                                      Affirmed.

APPEARANCES:

For Plaintiff-Appellant:                     Atty. Cherie H. Howard
                                                          P.O. Box 357
                                                          Youngstown, Ohio 44501

For Defendants-Appellees:               Atty. James S. Gentile
                                                          The Liberty Building
                                                          42 N. Phelps St.
                                                          Youngstown, Ohio 44503

JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  November 30, 2017

ROBB, P.J.

{¶1}    Plaintiff-Appellant William R. Smith, III appeals the decision of Mahoning County Common Pleas entering judgment for Defendants-Appellees Steve and Selina Summerville, individually and doing business as Faith Automotive, following a bench trial.  Two issues are raised in this appeal.  The first issue is whether the trial court erred in granting Appellees' motion to amend their answer after it had previously determined the motion was "overruled as moot."  The second issue is whether the trial court erred in failing to grant summary judgment for Appellant.  For the reasons expressed below, both arguments lack merit.  The trial court's decisions are affirmed.

### Statement of the Facts

{¶2}    Appellant was the owner of a 1999 Chevy Silverado K 150 truck.  In either July 2012 or September 2012, Appellant took the truck to Faith Automotive to get the brakes repaired; Appellant claims he took the truck to Faith Automotive in September 2012, while Appellees claim it was July 2012.  After looking at the vehicle, Appellee Steve told Appellant it would cost between $500 and $1,000 to repair the brakes. Appellant told Appellees he did not want the vehicle repaired and would have it towed.  The vehicle was not removed.  This resulted in Appellees sending Appellant two letters, one in August 2012 and one in October 2012, asking him to have the vehicle removed and informing him of the cost of storage fees, which were $25 per day.  The August 16, 2012 letter indicated the storage fees, as of that date, totaled $875.  The October 2, 2012 letter indicated the storage fees, as of that date, totaled $2,025.  The vehicle was not removed, and in November 2012 Appellee applied for a salvage certificate of title.  Appellees received $900 from 422 Auto Wrecking for the vehicle.

### Statement of the Case

{¶3}    As a result of the above, Appellant filed a complaint against Appellees alleging violation of the consumer sales practices act and conversion.  6/12/13 Complaint.  As to the consumer sales practices claim, Appellant asserted Appellees did not give a written estimate, there was no sign informing him of his right to a

written estimate, he was not advised that if he did not authorize completion of the repairs there would be a storage fee, and the estimate for the repairs was substantially in excess of similar services. 6/12/13 Complaint. The conversion claim was dependent on the fact that Appellees refused to return the vehicle until the storage fees were paid. 6/12/13 Complaint.

{¶4} This complaint, however, did not properly name Appellees; Appellant named Appellees "Steve Faith, doing business as Faith Automotive" and "Selina Faith, doing business as Faith Automotive." 6/12/13 Complaint. Appellees filed an answer asserting that they were improperly served and asked for the complaint to be dismissed. 7/11/13 Answer.

{¶5} After obtaining leave, Appellant filed an amended complaint and correctly named Appellees. 7/15/13 Motion for Leave; 7/16/13 J.E.; 7/16/13 Amended Complaint. The only substantive change to the complaint was correctly naming the parties. This amended complaint was served on Appellees by regular mail.

{¶6} In November 2013, Appellant moved for a default judgment because Appellees had not answered the amended complaint. 11/13/13 Motion. Appellees responded claiming no amended answer was due because the amended complaint was not properly served on Appellees. They asserted the trial court had not obtained personal jurisdiction over them, and thus, default judgment was not warranted. They asserted the filing of a motion for default judgment was a violation of Civ.R. 11 and asked for attorney fees and sanctions.

{¶7} The magistrate held a hearing on the matter. It found the amended complaint was required to be served by certified mail and thus, the court did not have personal jurisdiction over Appellees. It overruled the motion for default judgment, and the motion for sanctions and attorney fees. 1/15/14 Decision.

{¶8} Appellant and Appellees filed objections to the magistrate's decision. The trial court upheld the magistrate's decision to overrule the motion for default judgment. However, it reversed the magistrate's decision on sanctions and attorney

fees finding they were warranted. The trial court directed the magistrate to hold a hearing on the amount of sanctions and attorney fees. 4/8/14 J.E.

**{¶9}** Prior to the hearing, Appellant appealed the decision. We dismissed the appeal for a lack of a final appealable order. 14 MA 0038 5/16/14 J.E.

**{¶10}** The hearing on the sanctions and fees was set for July 23, 2014. A week prior to that hearing, Appellees filed a motion to dismiss the action for failing to perfect service within one year of the filing of the complaint. 7/17/14 Motion to Dismiss. Appellant filed a response claiming he was not required to serve the amended complaint by certified mail. Appellant asked the court to reconsider its ruling on the motion for default judgment. 7/23/14 Response to Motion to Dismiss. The evidentiary hearing addressed the sanctions, fees, and the motion to dismiss.

**{¶11}** Following the hearing, Appellant filed a motion asking for a finding that the allegations set forth in paragraphs 15-28 of the complaint were admitted by operation of law. 7/30/14 Motion. Appellant claimed the answer failed to deny the allegations in paragraphs 15-28, and thus, it should be deemed Appellees admitted those allegations. 7/30/14 Motion. Those paragraphs alleged Appellant was orally told it would cost $1,000 to fix the truck, he was not given a written estimate, there were no signs about storage fees, and Appellant went to and called Faith Automotive numerous times but there was no one there and no one answered the phone. 6/12/13 Complaint. He admitted he received the October 2, 2012 letter telling him of the accumulated storage fees. 6/12/13 Complaint and 7/16/13 Amended Complaint.

**{¶12}** Appellees then filed a Motion to Amend its Answer. 8/21/14 Motion. This motion was an alternative to the motion to dismiss. Appellees asked for leave to amend the answer if the court did not dismiss the complaint. The amended answer was attached to the motion and included a denial of the facts in paragraphs 15-28 of the complaint. 8/21/14 Motion to Amend Answer. The original answer did not reference paragraphs 15-28 of the complaint.

**{¶13}** In response, Appellant filed a motion to strike the motion to amend the answer and a memorandum in opposition to the motion to amend the answer. 9/8/14 and 9/10/14 Motions.

**{¶14}** In October 2014, the magistrate dismissed the complaint with prejudice finding the complaint was not properly served on Appellees. It also determined Appellees were entitled to $962.50 in attorney fees. The magistrate stated the motion for a finding that the allegations were admitted, the motion to amend the answer, and the motion to strike and memorandum in opposition to the motion to amend answer were "overruled as moot." 10/22/14 Magistrate Decision.

**{¶15}** After reviewing Appellant's objections and Appellees' response to the objection, the trial court adopted the magistrate's decision in all respects. 1/9/15 J.E.

**{¶16}** Appellant appealed the trial court's decision raising four issues. *Smith v. Summerville*, 7th Dist. No. 15 MA 10, 2015-Ohio-4153. He asserted the trial court erred in dismissing the lawsuit with prejudice, denying his motion for default judgment, finding sanctions and attorney fees were warranted, and awarding unreasonable and excessive attorney fees. *Id*. We held the court erred in dismissing the lawsuit and accordingly, reversed the decision and remanded the matter to the trial court for further proceedings. *Id*. at ¶ 22-30. As to the denying of the motion for default judgment, we affirmed the trial court's ruling. *Id*. at ¶ 31-36. Those two decisions resolved the third issue; attorney fees and sanctions were not warranted because Appellees were properly served and there was a basis for filing the motion for default judgment. *Id*. at ¶ 37-39. Accordingly, we reversed the award of attorney fees and sanctions. *Id*. That decision rendered the argument that attorney fees were unreasonable and excessive moot. *Id*. at ¶ 40.

**{¶17}** Following our decision, Appellant filed a motion for summary judgment. 1/13/16 Motion for Summary Judgment. Appellant asserted a consumer transaction occurred, Appellant was not given a written estimate, and there was no conspicuous sign indicating storage fees. He claimed the answer did not make any reference to paragraphs 15-28, and thus, Appellees admitted the allegations in those paragraphs. 1/13/16 Summary Judgment Motion. As stated above those paragraphs alleged Appellant was orally told it would cost $1,000 to fix the truck, he was not given a written estimate, there were no signs about storage fees, and Appellant called and

went to Faith Automotive numerous times but no one answered the phone and there was no one at the business.  6/12/13 Complaint and 7/16/13 Amended Complaint.

{¶18}  Approximately one week later the magistrate held a status hearing and issued a status hearing order.  1/21/16 J.E.  Discovery was reopened, mediation was scheduled, Appellees were given a deadline for its summary judgment motion and opposition to summary judgment motion, and a final pre-trial was scheduled.  1/21/16 J.E.

{¶19}  Appellees timely filed an opposition to summary judgment and their own motion for summary judgment.  They asserted there was no consumer transaction because when Appellant was given the oral estimate he refused to have repairs performed on the vehicle.  Thus, no written estimate was required.  Furthermore, Appellees claimed there was a conspicuous sign regarding storage fees in the office, and in his deposition Appellant admitted he was in the office.  4/15/16 Motion in Opposition and Summary Judgment Motion.  Appellant's deposition testimony and admitted exhibits and Appellee Steve's affidavit were used to support the motions.

{¶20}  Appellant filed a reply and argued the allegations not addressed in the answer were deemed admitted by operation of law.  4/28/16 Reply.

{¶21}  In reviewing the summary judgment motions, the magistrate determined that in light of our appellate decision three procedural motions had to be revisited.  6/10/16 J.E. Those were the motion for a finding that the allegations were admitted, the motion to amend the answer, and the motion to strike the motion to amend and the opposition to the motion to amend.  6/10/16 J.E.  The magistrate stated those motions were overruled as moot, however, the appellate court decision rendered those motions no longer moot and they remained unresolved.  6/10/16 J.E.  Thus, the magistrate sua sponte revisited those motions indicating it was a clerical oversight that they remained unresolved.  6/10/16 J.E.  The magistrate then granted the motion to amend.  6/10/16 J.E.  The motion for a finding that the allegations were admitted and the motion to strike were overruled.  6/10/16 J.E.

**{¶22}** Appellant moved to set aside that decision and Appellee filed a response to that motion.  6/14/16 Motion to Set Aside; 7/15/16 Response.  The trial court overruled the Motion to Set Aside.  8/4/16 J.E.

**{¶23}** The magistrate then denied the parties' motions for summary judgment finding there were genuine issues of fact precluding summary judgment, such as whether a consumer transaction occurred and whether there were conspicuous signs about storage fees.  8/22/16 Magistrate Order.  All parties objected to the decision.  9/9/16 Appellees' Objections; 9/12/16 Appellant's Objections.  The trial court overruled the objections and adopted the magistrate's decision.  9/15/16 J.E.

**{¶24}** Following a bench trial, the magistrate entered judgment in favor of Appellees. 12/5/16 Magistrate Decision.  Appellant objected and renewed his objection as to the overruling of his motion for summary judgment.  12/19/16 Objections.  Following Appellee's response to the objections, the trial court adopted the magistrate's decision. 12/29/16 Response; 1/20/17 J.E.

**{¶25}** Appellant timely appeals raising two assignments of error.

<u>First Assignment of Error</u>

"The trial court erred in vacating its January 9, 2015 judgment entry sua sponte."

**{¶26}** Appellant argues the trial court abused its discretion in adopting the magistrate's decision to sua sponte vacate the January 9, 2015 judgment based on an alleged clerical error pursuant to Civ.R. 60(A).  Appellant contends the January 9, 2015 order overruled Appellees' motion to file an amended answer.  He asserts there is no clerical error in the judgment and judgment was not void.

**{¶27}** Appellant's argument is premised on the positon that the motion to amend the answer was overruled.  However, that is not an accurate statement of how the trial court disposed of the motion.  In the January 9, 2015 judgment entry, the trial court granted Appellees' motion to dismiss the complaint because service of the amended complaint that correctly named Appellees was not properly served on the Appellees within one year.  On the basis of that decision, the trial court overruled the motion to amend, along with other motions, as moot:

> In light of the fact that the Magistrate has sustained the Motion to Dismiss filed on behalf of Defendants herein, the Plaintiff's Amended Motion for Finding that Allegations Set Forth in Paragraphs 15-28 of Plaintiff's Complaint are Admitted by Operation of Law, Defendants' Motion to Amend Answer and Plaintiff's Motion to Strike Motion to Amend Answer are overruled as moot.

1/9/15 J.E.

**{¶28}** Our court reversed the trial court's decision dismissing the complaint and remanded the case for further proceedings. *Smith*, 2015-Ohio-4153. Our decision rendered the motions no longer moot. The magistrate indicated as such in its decision:

> However, since the Appellate Court reversed the trial Court's dismissal of the Amended Complaint thus reinstating the same and remanding the matter for further proceedings, the foregoing procedural motions are no longer moot but remain unresolved. Although counsel for the parties have not requested that the Magistrate revisit these motions, it would be imprudent for the Magistrate to permit what amounts to clerical oversight in the record to remain unresolved.

6/10/16 J.E.

**{¶29}** The Magistrate's characterization of the effect of our decision is correct. Admittedly, we did not state in the opinion the issues were no longer moot and the trial court could render a decision on them. However, such a statement was not needed. Our action changed the trial court's judgment in a substantive way. Moot issues became justiciable. The trial court, sua sponte, had the authority to rule on the procedural issues that were no longer moot because of our decision on the substantive issue.

**{¶30}** There is a rule called the appellate mandate rule. This rule pertains to "the relationship between appellate and inferior courts, [and] is a jurisdictional bar on the inferior court's authority to reconsider issues that were expressly or impliedly

decided in a previous appeal." *Fritzgerald v. City of Cleveland Civ. Serv. Commission*, 8th Dist. No. 104492, 2017-Ohio-7086, ¶ 24, citing *Phillips v. Houk*, 587 Fed.App. 868, 871 (6th Cir.2014). The Eighth Appellate District further explained:

> An appellate mandate works in two ways: it vests the lower court on remand with jurisdiction and it gives the lower court on remand the authority to render judgment consistent with the appellate court's judgment. Under the "mandate rule," a lower court must "carry the mandate of the upper court into execution and not consider the questions which the mandate laid to rest." *Sprague v. Ticonic Natl. Bank* (1939), 307 U.S. 161, 168, 59 S.Ct. 777; see, also, *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009–Ohio–4986, 915 N.E.2d 633, at ¶ 32 * * *. The lower court may, however, rule on issues left open by the mandate. *Id.* But when the mandate leaves nothing left to decide, the lower court is bound to execute it. *Id.*

*State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010–Ohio–3407, ¶ 16.

**{¶31}** There is no claim in this case that the trial court violated the mandate rule. However, the premise of the rule does indicate trial courts are permitted to rule on issues unresolved by our decision. Here, our decision made procedural motions that were moot, no longer moot. Thus, the trial court had the authority to rule on those issues even though it had previously determined those issues to be moot. Our ruling made the issues no longer moot and our remand for further proceedings gave the trial court authority to rule on unresolved issues.

**{¶32}** Appellant does cite this court to numerous cases where the trial court used Civ.R 60 to vacate a prior order and the appellate court determined such action was not permitted. Those cases are distinguishable from the matter at hand. Civ.R. 60 is used to vacate final judgments. *Parker v. Allstate Property & Cas. Ins. Co.*, 7th Dist. No. 12 BE 2, 2012-Ohio-6278, ¶ 32 ("Civ.R. 60(A) only permits a trial court to sua sponte change a prior final order, 'for corrections of clerical errors that do not make substantive changes in a judgment.'"). Generally, the decision to grant or deny

a motion to amend an answer is not a final judgment. *Supportive Sols., L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10. The trial court's decision to overrule the motion as moot did become final when the trial court granted the motion to dismiss. However, as stated above, our decision reversed the trial court's dismissal ruling and remanded the case for further proceedings. Accordingly, the decision to overrule the motion as moot was no longer final, and the trial court was permitted to reconsider that decision sua sponte. *See First Place Bank v. Blythe*, 7th Dist. No. 12 CO 27, 2013-Ohio-2550, ¶ 18 (Trial court's denial of a motion for summary judgment is a nonfinal order and can be reconsidered by the trial court sua sponte at any time.). Thus, even though the stated basis for ruling on the motion to amend the answer was Civ.R. 60(A) to correct a clerical mistake, the trial court did not need to invoke Civ.R. 60 to rule on those no longer moot issues which were nonfinal orders. Furthermore, the cases cited by Appellant are factually distinguishable. None of those cases dealt with a situation like the one before us where an appellate court's reversal rendered procedural issues overruled as moot justiciable upon remand.

**{¶33}** For those reasons, this assignment of error lacks merit.

Second Assignment of Error

"The trial court erred in denying Plaintiff-Appellant's Motion for Summary Judgment."

**{¶34}** The argument raised in this assignment of error is premised on finding merit with the first assignment of error. Appellant argues the trial court's decision to allow the amended answer after overruling the motion must be reversed and when that decision is reversed then summary judgment must be granted in Appellant's favor; without the amended answer Appellees admitted by operation of law material facts favorable to Appellant. If those facts are admitted, Appellant is entitled to judgment as a matter of law.

**{¶35}** The first assignment of error does not have merit. Therefore, Appellant's second argument fails. This assignment of error is overruled.

## Conclusion

**{¶36}** Both assignments of error are meritless. The trial court's decision is affirmed.


Waite, J., concurs.

DeGenaro, J., concurs.