[Cite as *Williams v. Metro*, 2020-Ohio-3515.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| THEODORE WILLIAMS, | : | APPEAL NO. C-190321 |
| | | TRIAL NO. A-1603301 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| METRO, a.k.a. SOUTHWEST OHIO REGIONAL TRANSIT AUTHORITY (SORTA), | : | |
| | : | |
| Defendant-Appellee. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: June 30, 2020


*William D. Bell, Sr.*, for Plaintiff-Appellant,

*Dinsmore & Shohl, LLP, Allison L. Goico* and *Abby E. Chermely,* for Defendant-Appellee.

Per Curiam.

{¶1}    Plaintiff-appellant Theodore Williams appeals the Hamilton County Common Pleas Court's judgment dismissing the cause with prejudice for failure to prosecute under Civ.R. 41(B)(1).  For the following reasons, we affirm the judgment of the trial court.

Factual and Procedural Background

{¶2}    Theodore Williams was terminated by the Southwest Ohio Regional Transit Authority ("SORTA"), also known as Metro, for "[w]illful misuse of a timecard."  *Williams v. Metro*, 1st Dist. Hamilton No. C-170423, 2018-Ohio-2507, ¶ 1 ("*Williams I*").   Williams filed suit against SORTA for wrongful discharge and discrimination.  *Id.* at ¶ 4.  He also filed a claim against the Amalgamated Transit Union Local 627 ("the union") for breach of contract.  *Id.*

{¶3}    Both SORTA and the union filed motions to dismiss.  SORTA argued that the wrongful-discharge claim should have been filed with the State Employment Relations Board ("SERB").  *Id.* at ¶ 6.  The union contended that claims against the union for unfair labor practices must be filed with SERB.  *Id.* at ¶ 5.  The trial court granted the motions, dismissed the complaint, and determined that all "remaining motions are moot."  At that time, SORTA had a pending motion to compel Williams to respond to its discovery requests.

{¶4}    Williams timely appealed, and this court held that SERB had exclusive jurisdiction over Williams's claim against SORTA for wrongful termination and his claim against the union.  *Id.* at ¶ 8-9.  However, "we reverse[d] the trial court's judgment dismissing Williams's discrimination claim and remand[ed] the cause to the trial court for further proceedings on that claim."  *Id.* at ¶ 11.  We affirmed the trial court's judgment in all other respects.  *Id.*

{¶5} On remand, a case management conference ("CMC") was held, and a new case scheduling order was issued on February 4, 2019. During the CMC, SORTA informed Williams that it intended to move forward with its motion to compel initially filed on February 15, 2017. Williams expressed his belief that the motion was mooted by the trial court's judgment dismissing the case. The parties informed the court that they would try to resolve the issues informally. That day, counsel for SORTA forwarded its pending motion to compel via email to counsel for Williams, and informed him that if the discovery request was not submitted by February 15, 2019, SORTA would ask the court to rule on its unopposed motion to compel. The motion to compel alleged that Williams did not respond to some of SORTA's interrogatories and requests for documents, and that some of the responses were deficient.

{¶6} Williams's counsel corresponded via email to SORTA's counsel, again stating his belief that the motion to compel was no longer pending because it had been mooted by the trial court's judgment. Ultimately, Williams did not comply with SORTA's request.

{¶7} On February 15, 2019, the parties corresponded with the court via email. SORTA informed the court that the parties were unable to resolve their discovery issues and requested that the court rule on its unopposed motion to compel. Again, Williams reiterated his belief that the motion to compel was moot. However, Williams never filed a written response to the motion to compel.

{¶8} On March 4, 2019, the trial court granted the motion to compel and ordered Williams to supplement his discovery responses no later than March 14, 2019. Late that afternoon, Williams, who was aware that the court granted the

motion, requested that a copy of the order be mailed to him. The following morning, the court informed the parties, via email, that it no longer had the order, the order had been journalized that day, and that a copy of the order could be obtained from the clerk of court's office or from the clerk of court's electronic docket.

{¶9} On March 18, 2019, SORTA's counsel sent another email to Williams's counsel informing him that the discovery responses were due the previous day per the court's order. Williams's counsel responded that the order had not been mailed to him, and that he "d[id] not chase entries on line." SORTA forwarded a copy of the order to Williams.

{¶10} On March 25, 2019, SORTA filed a motion to dismiss the case under Civ.R. 41(B)(1) for failure to prosecute alleging that Williams had failed to comply with the court's order to compel and this conduct exhibited a complete disregard for the judicial system and SORTA's rights. Specifically, SORTA contended that Williams had repeatedly refused to respond to discovery requests since 2016, failed to respond to its motion to compel, and refused to comply with the court's order to supplement his discovery responses. SORTA further argued that Williams's noncompliance interfered with its ability to defend that case.

{¶11} Williams filed a response in opposition again arguing that the pending discovery motion and motion to compel were mooted by the trial court's original judgment dismissing the complaint. He further argued that the order to compel entered by the court was never served on the defendant, was in error, and should be vacated.

{¶12} On April 23, the trial court granted the motion and dismissed the case with prejudice. The court concluded that the motion to compel was "revived" when

the case was remanded to the trial court on the discrimination claim. The court further found that Williams failed to file a response to the motion to compel. Williams timely appealed, raising three assignments of error.

## The Motion to Compel was not Moot

{¶13} In his first assignment of error, Williams contends that the trial court erred when it ordered him to respond to a motion to compel that had been mooted by the trial court and affirmed by the court of appeals. Where a trial court's order is based upon an application of law, we apply a de novo standard of review. *Ohio Dept. of Taxation v. Mason*, 2016-Ohio-1289, 62 N.E.2d 682, ¶ 12 (12th Dist.).

{¶14} Williams's argument is premised on his belief that the trial court erred in determining that the motion to compel was no longer moot after this court reversed the trial court's judgment dismissing the discrimination claim and remanded the cause to the trial court.

{¶15} However, once our court reversed the trial court's decision and remanded the cause for further proceedings, the pending motion to compel was no longer moot. *See Smith v. Summerville*, 2017-Ohio-8919, 101 N.E.3d 537, ¶ 28 (7th Dist.). The trial court had the authority to rule on issues that were no longer moot after we reversed the trial court's judgment. *See id.* at ¶ 29. Accordingly, the trial court did not err in ordering Williams to respond to the motion to compel, and this assignment of error lacks merit and is overruled.

## Notice of the Order to Compel

{¶16} In his second assignment of error, Williams argues that the trial court erred when it failed to comply with the Loc.R. 17 of the Hamilton County Court of Common Pleas ("Loc.R. 17") and Civ.R. 58.

{¶17} Williams contends that Loc.R. 17 and Civ.R. 58 required the trial court to provide him with a copy of the order to compel. In essence, Williams is arguing that the order to compel was a final, appealable order that the court was required to direct the clerk of courts to serve upon him. First, Williams did not raise this issue below and has waived the argument on appeal. *See Nationstar Mtg., L.L.C. v. Young*, 9th Dist. Summit No. 27499, 2015-Ohio-3868, ¶ 5.

{¶18} However, addressing the issue on its merits, the argument still fails. Generally, discovery orders are not final appealable orders. *See Walters v. Enrichment Ctr. of Wishing Well Inc.*, 78 Ohio St.3d 118, 121, 676 N.E.2d 890 (1997). There are exceptions for orders requiring disclosure of privileged material under R.C. 2505.02(B)(4). The discovery order in this case does not involve any statutory exception.

{¶19} Loc.R. 17(A) requires a trial court to direct the clerk of courts to serve all parties when it signs a judgment "from which an appeal lies, as provided in [R.C.] 2505.02." This rule only applies to judgments from which an appeal lies. *See* Loc.R. 17. Similarly, Civ.R. 58(B) mandates service upon the entry of a final judgment. *See Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, ¶ 11. Thus, the court was not required to comply with Loc.R. 17 or Civ.R. 58(B) because the order was not a final judgment.

{¶20} It is clear that Williams had notice that the court had granted the motion to compel because he was present at the time. The court also sent an email notification that the order had been journalized. We note that the burden is on a practitioner to regularly inspect the electronic docket. *See Greismer v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 91194, 2009-Ohio-725, ¶ 21; *MBA Realty v. Little G,*

*Inc.*, 116 Ohio App.3d 334, 338, 688 N.E.2d 39 (8th Dist.1996) ("the burden is on the parties to follow the progress of their own case"); *P. Maynard v. C. Maynard*, 8th Dist. Cuyahoga No. 43642, 1982 WL 2340, *1 (Feb. 11, 1982) (appellant "was duty bound to keep abreast of the docket entries"); *In re Adoption of J.H.*, 9th Dist. Lorain No. 06CA008902, 2006-Ohio-5957, ¶ 8 (noting that it is "well established that the parties to the case have a duty to keep apprised of the progress of the case on the docket").

{¶21} We overrule the second assignment of error.

### Dismissal was Proper under Civ.R. 41(B)

{¶22} In his third assignment of error, Williams alleges that the trial court abused its discretion when it dismissed the complaint with prejudice for failure to prosecute and did not consider other alternatives.

{¶23} We review a decision to dismiss a case pursuant to Civ.R. 41(B)(1) for an abuse of discretion, and dismissals with prejudice are subject to heightened scrutiny. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47-48, 684 N.E.2d 319 (1997). Although a basic tenet of Ohio jurisprudence is that cases should be decided on their merits, "the action of the trial court will be affirmed when 'the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.' " *Id.* at 48, citing *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632, 605 N.E.2d 936 (1992).

{¶24} Civ.R. 41(B)(1) authorizes trial courts, "after notice to the plaintiff's counsel," to dismiss an action or claim "[w]here the plaintiff fails to * * * comply with these rules or any court order." Prior to dismissing a case for failure to prosecute, "a

court must notify the plaintiff of the court's intent to dismiss so as to afford the plaintiff an opportunity to correct the default or explain why the case should not be dismissed with prejudice." *Williams v. RPA Dev. Corp.*, 10th Dist. Franklin No. 07AP-881, 2008-Ohio-2695, ¶ 7, citing *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128, 647 N.E.2d 1361 (1995).

{¶25} A trial court abuses its discretion by dismissing an action pursuant to Civ.R. 41(B)(1) " 'where notice was not given to the plaintiff, or to plaintiff's counsel, prior to dismissal that the action would be dismissed.' " *Levy v. Morrissey*, 25 Ohio St.3d 367, 368, 496 N.E.2d 923 (1986). "A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986).

{¶26} A plaintiff has adequate notice under Civ.R. 41(B) when the defendant filed a motion to dismiss with prejudice, the plaintiff filed a responsive motion, and the plaintiff did not take any later steps to correct the noncompliance. *Quonset Hut*, 80 Ohio St.3d at 48-49, 684 N.E.2d 319; *Producers Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003-Ohio-1067, ¶ 19 (explaining that "implied notice of a trial court's intention to dismiss exists when a party is on notice that the opposing party has requested dismissal.").

{¶27} The record indicates that Williams was on notice that the case could be dismissed with prejudice. Williams was served with SORTA's motion to dismiss and responded to the motion. Despite the notice, Williams made no effort to comply with the discovery order. Nothing in the record suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner.

{¶28} Accordingly, we overrule the third assignment of error.

Conclusion

**{¶29}** Having overruled Williams's three assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J., ZAYAS** and **CROUSE, JJ.**

Please note:

The court has recorded its own entry this date.