[Cite as *McDerment v. McDerment*, 2019-Ohio-2609.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

CHARLENE M. MCDERMENT

    Appellee

    v.

SHAWN D. MCDERMENT

    Appellant

C.A. No.    18CA011369

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    15DU080395

DECISION AND JOURNAL ENTRY

Dated: June 28, 2019

TEODOSIO, Presiding Judge.

{¶1} Shawn D. McDerment appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, modifying child support and holding Mr. McDerment in contempt. We affirm in part and reverse and remand in part.

I.

{¶2} In 2015, Charlene M. McDerment filed a complaint for divorce from Mr. McDerment, with a decree of divorce having been entered on September 26, 2016. At the time of their divorce, the couple had two minor children together. Multiple post-decree motions were filed by the parties, and a hearing was scheduled for November 21, 2017, on Ms. McDerment's motion to show cause, amended motion to show cause, and motion to modify child support. A second day of hearing was held in February 2018, and a third day in May 2018. On June 22, 2018, the trial court entered judgment modifying the child support to be paid by Mr. McDerment and holding him in contempt.

{¶3}    Mr. McDerment now appeals, raising five assignments of error, which have been reordered for the purpose of our analysis.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S REQUEST FOR A CONTINUANCE.

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT PERMITTED COUNSEL TO WITHDRAW FOLLOWING THE COMMENCEMENT OF TRIAL.

{¶4}    In his first assignment of error, Mr. McDerment argues the trial court erred in denying his request for a continuance. In his fifth assignment of error, Mr. McDerment argues the trial court erred when it allowed his attorney to withdraw after trial had commenced. We disagree with both arguments.

{¶5}    On November 21, 2017, an evidentiary hearing commenced on Ms. McDerment's motion to show cause, amended motion to show cause, and motion to modify child support. Due to a family emergency for Ms. McDerment's attorney, the hearing did not commence after breaking for lunch and was continued to February 13, 2018.

{¶6}    On January 25, 2018, Mr. McDerment's attorney, Jeffrey S. Brown, filed a motion to withdraw as counsel. A hearing on the motion to withdraw was conducted on February 5, 2018, with Mr. McDerment agreeing that there had been a breakdown in communication and stating that he would "[p]robably retain new counsel, somebody who can actually do the job properly." The same day, a magistrate's order was entered granting the motion, noting that Mr. McDerment and Mr. Brown were in agreement that there had been a breakdown in communication and that Mr. McDerment indicated he would be retaining new

counsel. The order further noted that Mr. McDerment was made aware that his new counsel would need to be prepared to proceed with the evidentiary hearing on February 13, 2018.

{¶7} On February 12, 2018, Attorney Nancy Bish Robison filed a notice of appearance on behalf of Mr. McDerment, and on February 13, the second day of the evidentiary hearing began with Ms. Robison representing Mr. McDerment. A third day of hearing was subsequently set for March 5, 2018

{¶8} Ms. Bish Robison filed a motion for leave to withdraw as counsel on March 1, 2018, stating that Mr. McDerment had failed to keep promises to pay attorney fees and costs, had not returned phone calls, and had not been in communication as requested to assist in preparation for the March 5, 2018, evidentiary hearing. She further stated that her health was being adversely affected due to the stress of the situation. At the March 5 hearing, and with the agreement of Mr. McDerment, the trial court granted Ms. Bish Robison's motion to withdraw. The hearing was subsequently continued to May 15, 2018.

{¶9} Four days prior to the May 2018 hearing, an attorney contacted the trial court by e-mail, indicating that she would be willing to represent Mr. McDerment, but had a conflict with the May 15, 2018, hearing date. No notice of appearance or motion was filed. The trial court stated it would not be inclined to grant a continuance at such a late date. On the day of the hearing, Mr. McDerment, appearing pro se, requested a continuance of the hearing, with the trial court again denying the request.

{¶10} We review a trial court's decision to grant or deny a continuance under an abuse of discretion standard. *State v. Unger*, 67 Ohio St.2d 65 (1981), syllabus. Likewise, we review a trial court's decision on a motion to withdraw as counsel under an abuse of discretion standard. *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, ¶ 135. An abuse of discretion means

more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶11}** "In determining whether to grant or deny a motion for a continuance, the trial court must balance 'any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" *Dus v. Dus*, 9th Dist. Summit No. 18770, 1998 WL 733724, *2 (Oct. 21, 1998), quoting *Unger* at 67. In evaluating a motion for a continuance, a trial court should consider:

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68.

**{¶12}** The motion hearing at issue originally commenced in November 2017. No formal motion requesting a continuance was filed prior to the day of the May 15, 2018, hearing, with only an informal request being made four days prior to the hearing date. Mr. McDerment's request for a continuance was made the day of the hearing itself. We conclude that the trial court did not abuse its discretion in denying the informal request for a continuance or in denying Mr. McDerment's request to continue the hearing made on the day of that hearing—a proceeding that had originally commenced nearly six months earlier. *See Dus* at *2.

**{¶13}** With regard to his fifth assignment of error, Mr. McDerment argues that the trial court erred in allowing Mr. Brown to withdraw as his attorney. Although Mr. McDerment

expressed disappointment based upon his perception that Mr. Brown had failed to do the job he was hired to do, we find nothing in the record indicating that Mr. McDerment objected to his counsel's withdrawal, and further, he agreed that there had been a breakdown in communication and obtained new counsel prior to the next hearing date. He has therefore forfeited the argument for purposes of appeal. *See Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975).

{¶14} Mr. McDerment's first and fifth assignments of error are overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN MODIFYING THE PARTIES' PROPERTY SETTLEMENT CONTRARY TO R.C. 3105.171(I).

{¶15} In his second assignment of error, Mr. McDerment argues the trial court erred in modifying the property settlement in contravention of R.C. 3105.171(I). Specifically, Mr. McDerment contends the trial court erred in determining values for a laptop computer and a 2003 Volkswagen Jetta. We disagree.

{¶16} R.C. 3105.171(I) provides: "(I) A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses." "A trial court is without authority to modify a property division in a separation agreement which has been incorporated into a dissolution of marriage decree." *Bond v. Bond*, 69 Ohio App.3d 225, 227 (9th Dist.1990). "We recognize that a court has no jurisdiction to modify an order dividing the marital property." *Sullivan v. Hallagan*, 9th Dist. Medina Nos. 2282–M, 2322–M, 1995 WL 39408, *4 (Feb. 1, 1995).

{¶17} The divorce decree provided that the parties were to sell the 2003 Volkswagen Jetta and equally split the proceeds. A property division sheet attached to the decree indicated that Ms. McDerment was to take possession of a laptop computer. Testimony was presented that

Ms. McDerment did not obtain possession of the laptop computer and had not been paid any proceeds from the sale of the Volkswagen Jetta. The decree stated no values for either the vehicle or the computer.

{¶18} In finding Mr. McDerment in contempt, the trial court stated there was clear and convincing evidence that Mr. McDerment willfully failed to follow the court's prior orders set forth in the decree. It found that he interfered with Ms. McDerment's ability to remove her personal property from the marital home, including the laptop computer, and that he sold the Volkswagen Jetta at a price well below a fair market value despite being an auto mechanic.

{¶19} With regard to the laptop computer, Ms. McDerment provided testimony indicating that it had been purchased for approximately $1,000.00. With regard to the Volkswagen Jetta, Mr. McDerment testified that he sold the vehicle for $500.00 as evidenced by the transfer title. Ms. McDerment presented evidence that the Kelly Blue Book value of the vehicle was $1,729.00. In finding Mr. McDerment in contempt, the trial court determined that Ms. McDerment was owed $1,000.00 for the laptop computer and one-half the value of the Volkswagen Jetta, minus the costs of a tow and key replacement. The trial court found that Mr. McDerment's testimony that he sold the vehicle for $500.00 was not credible, and found the value of the vehicle to be $1,729.00.

{¶20} In so determining these values for the purposes of the contempt order, the trial court did not modify the division of property. It did not change any values previously assigned, but rather determined the amount of a monetary payment that would allow Mr. McDerment to purge the contempt for failure to comply with the terms of the decree.

{¶21} Mr. McDerment's second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT
FAILED TO FOLLOW THE MANDATES OF R.C. 3119.22.

{¶22} In his third assignment of error, Mr. McDerment argues the trial court erred in

failing to follow the mandates of R.C. 3119.22 in modifying child support. We agree.

{¶23} Pursuant to R.C. 3119.79,

(A) If an obligor or obligee under a child support order requests that the court
modify the amount of support required to be paid pursuant to the child support
order, the court shall recalculate the amount of support that would be required to
be paid under the child support order in accordance with the schedule and the
applicable worksheet through the line establishing the actual annual obligation. If
that amount as recalculated is more than ten per cent greater than or more than ten
per cent less than the amount of child support required to be paid pursuant to the
existing child support order, the deviation from the recalculated amount that
would be required to be paid under the schedule and the applicable worksheet
shall be considered by the court as a change of circumstances substantial enough
to require a modification of the child support amount.

* * *

(C) If the court determines that the amount of child support required to be paid
under the child support order should be changed due to a substantial change of
circumstances that was not contemplated at the time of the issuance of the original
child support order or the last modification of the child support order, the court
shall modify the amount of child support required to be paid under the child
support order to comply with the schedule and applicable worksheet through the
line establishing the actual annual obligation, unless the court determines that the
amount calculated pursuant to the basic child support schedule and pursuant to the
applicable worksheet would be unjust or inappropriate and would not be in the
best interest of the child and enters in the journal the figure, determination, and
findings specified in [R.C. 3119.22].

Where the original child support order resulted from a voluntary agreement by the parties, R.C.

3119.79(A) must be read in conjunction with R.C. 3119.79(C) to determine whether a

modification of the order is proper. *Hill v. Hill*, 9th Dist. Summit No. 27915, 2016–Ohio–910, ¶

11.

**{¶24}** R.C. 3119.22 provides:

The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet would be unjust or inappropriate and therefore not be in the best interest of the child.

If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, its determination that the amount would be unjust or inappropriate and therefore not in the best interest of the child, and findings of fact supporting that determination.

As we have stated: "The trial court may enter a final support order that deviates from the amount as calculated in the worksheet and schedule if the trial court: (1) finds that the amount calculated is unjust or inappropriate; (2) finds that the amount calculated does not conform to the child's best interest, and; (3) states findings of fact supporting the deviation from the amount calculated." *Irish v. Irish*, 9th Dist. Lorain Nos. 09CA009577 and 09CA009578, 2010-Ohio-403, ¶ 12. The trial court must also consider the factors under R.C. 3119.23 when it determines whether deviation is appropriate. *Id*. "It is well settled that the requirements of R.C. 3119.22 are mandatory and must be literally and technically followed." *Ohlemacher v. Ohlemacher*, 9th Dist. Lorain No. 03CA008252, 2003–Ohio–6582, ¶ 6. "If a trial court fails to comply with the literal requirements of the statute, it results in reversible error." *Id*.

**{¶25}** In modifying the amount of child support to be paid by Mr. McDerment, the trial court recalculated the amount as required by R.C. 3119.79. However, in deviating from the amount arrived at in its recalculation, the trial court failed to meet the requirements of R.C. 3119.22. Specifically, in deviating from the recalculation arrived at pursuant to the basic child

support schedule and the applicable worksheet, the trial court failed to find that the amount would be unjust or inappropriate and therefore not in the best interests of the children. Because the requirements of R.C. 3119.22 are mandatory and must be literally and technically followed, we conclude the trial court erred in its modification of child support. We note that we make no determination as to the issue of change in circumstances because no argument as to that issue was raised within the assignment of error.

{¶26} Mr. McDerment's third assignment of error is sustained.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING APPELLANT GUILTY OF CONTEMPT OF COURT FOR AN ALLEGED FAILURE TO PAY OUT-OF-POCKET MEDICAL EXPENSES FOR THE MINOR CHILDREN.

{¶27} In his fourth assignment of error, Mr. McDerment argues the trial court erred in finding him in contempt for failure to pay out-of-pocket medical expenses for the minor children. We agree.

{¶28} We review a trial court's contempt finding for an abuse of discretion. *Morrow v. Becker*, 9th Dist. Medina No. 11CA0066–M, 2012–Ohio–3875, ¶ 47. "To establish contempt, the moving party must 'establish a valid court order, knowledge of the order by the defendant, and a violation of the order.'" *Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 12, quoting *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004-Ohio-4962, ¶ 11. Civil contempt requires proof by clear and convincing evidence. *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 11. "Clear and convincing evidence is that measure or degree of proof which is more certain than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will

produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶29}** In holding Mr. McDerment in contempt, the trial court concluded, in pertinent part, that Ms. McDerment was owed one-half of the out-of-pocket expenses totaling $1,767.23. The source of these expenses were school fees, school lunches, a physician co-pay, an orthopedics bill, x-rays, eyeglasses, a dental bill, and soccer fees. The trial court credited Mr. McDerment for $211.06 paid towards out-of-pocket medical expenses and $150.00 for sports fees.

**{¶30}** Mr. McDerment argues he is not obligated to share out-of-pocket healthcare expenses equally with Ms. McDerment because the healthcare order only mandates such a split for children who are not covered by private health insurance. Mr. McDerment contends that because Ms. McDerment maintains private health insurance for the children, he is not obligated to share healthcare expenses. The provision cited to by Mr. McDerment sets forth that "the parents shall share liability for the ordinary and extraordinary expenses of the child(ren) who are not covered by private health insurance or cash medical support * * *." The provision does not address how out-of-pocket healthcare expenses are to be shared between the parents for children who are otherwise insured.

**{¶31}** Mr. McDerment further contends that there is no order in effect for the division of the children's healthcare expenses not covered by insurance, and that the trial court therefore erred because it found him in contempt of a non-existent order. Neither the decree of divorce nor the healthcare order provides for the division of out-of-pocket medical expenses. Furthermore, in its order finding Mr. McDerment in contempt for failing to pay one-half of the out-of-pocket medical expenses, the trial court fails to reference any provision mandating such payment.

**{¶32}** We therefore conclude that to the extent the order of contempt is based upon Mr. McDerment's failure to pay one-half of out-of-pocket medical expenses, the trial court abused its discretion.

**{¶33}** Mr. McDerment's fourth assignment of error is sustained.

III.

**{¶34}** Mr. McDerment's first, second and fifth assignments of error are overruled. His third and fourth assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed in part, and reversed and remanded in part for proceedings consistent with this opinion.

Judgment affirmed in part
and reversed and remanded in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SAM R. BRADLEY, Attorney at Law, for Appellant.

BRANDON G. OLIVER, Attorney at Law, for Appellee.