[Cite as *Vinebrook Homes, L.L.C. v. Perkins*, 2023-Ohio-3721.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| VINEBROOK HOMES, LLC, | : | APPEAL NOS. C-220538 |
| | | C-220539 |
| Plaintiff-Appellee, | : | TRIAL NO. 21CV-13406 |
| | : | *O P I N I O N.* |
| vs. | : | |
| | : | |
| SARAH PERKINS, | : | |
| and | : | |
| CASSANDRA HORTON, | : | |
| Defendants-Appellants. | : | |

Civil Appeals From: Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: October 13, 2023

*Greenberger & Brewer*, *LLP*, and *Kevin R. Brewer*, for Plaintiff-Appellee,

*Sarah Perkins* and *Cassandra Horton*, pro se.

**BERGERON, Judge.**

{¶1}     Under Civ.R. 41(B)(1), before a court can involuntarily dismiss a party's claim or counterclaim with prejudice for failure to prosecute or to comply with a court order, the court must first notify the party that their noncompliance could lead to dismissal.  Here, because the trial court in effect dismissed the counterclaims of defendants-appellants Sarah Perkins and Cassandra Horton (collectively, "Tenants") against plaintiff-appellee Vinebrook Homes, LLC ("Vinebrook") without notice when Tenants failed to show up for trial, we reverse for compliance with Civ.R. 41(B)(1).  Additionally, we instruct the trial court to ensure that it returns to Tenants the $1,350 rent bond held with the court, if it has not already done so.  We otherwise affirm the trial court's judgment entering a voluntary dismissal of Vinebrook's damages claim and overrule Tenants' remaining assignments of error.

I.

{¶2}     As the trial court put it, the "high level of distrust" between Vinebrook and Tenants throughout this eviction dispute grew "into a mountain."  With competing damages claims and after multiple failed attempts to facilitate payments between the parties, the litigation marched towards a jury trial set for October 2022.  When Tenants failed to appear for trial, however, the litigation snapped into a resolution: Vinebrook dropped its damages claim, and the court entered judgment for Vinebrook on Tenants' counterclaims.  As we shall see, however, Tenants were owed notice before the trial court could enter a final involuntary dismissal of their claims.

{¶3}     After Tenants held over their residential lease at a Cincinnati home in June 2021, Vinebrook, which managed the property at the time, served an eviction notice.  Tenants continued their holdover, and the trial court issued an eviction order

2

in late July 2021 after a hearing that Tenants failed to attend. In exchange for a chance at a new eviction hearing, the court allowed Tenants to post a $1,350 rent bond with the court. Tenants did so, but their effort failed to alter the result—the court denied their motion for a new hearing on August 6 and granted Vinebrook restitution of the premises. Tenants vacated around August 8.

{¶4} Around the same time, Vinebrook added a damages claim for unpaid rent and fees, and Tenants counterclaimed against Vinebrook. By the time the case reached trial in October 2022, Vinebrook's claim had shrunk to about $400. Tenants' counterclaims, by contrast, had swelled to over $15,000, including demands for return of overpaid rent, their security deposit, their rent bond, and $10,000 for fraud and deceptive business practices. Prior to trial, and amid a flood of motions from Tenants, the trial court held a July 2022 hearing to sort out the situation. With a jury trial set for October 3, 2022, the trial court admonished Tenants that if the parties did not settle before then, "there will be no continuances," and "[w]e're going to go to trial and that's going to be that."

{¶5} When their October 2022 trial date arrived, however, Tenants failed to show. Nonetheless, Vinebrook, in attendance, informed the court that it wished to voluntarily dismiss its claim. The court accordingly entered a voluntary dismissal without prejudice. At Vinebrook's urging, the court also ordered the return of Tenants' $1,350 rent bond. Going further, however, the court entered "judgment to the plaintiff on the defendants counterclaims."

{¶6} Days later, Tenants moved to set aside the judgment, explaining that their absence at trial arose from Ms. Horton's congestive heart failure condition for which she received treatment in Cleveland in early September 2022. Providing hotel

receipts, Tenants asked the court to set aside its judgment because Ms. Horton recuperated at a hotel in Cleveland after her treatment (and under the watchful eye of her doctors) through at least early October.

{¶7} But before the trial court could consider the motion, however, Tenants submitted two notices of appeal, one regarding the final judgment entry and one regarding a judgment entry of October 6, 2022. An entry for that date does not appear in the record, but it corresponds with the date of Tenants' motion to set aside. Tenants' first and third assignments of error broadly challenge the trial court's judgment on their counterclaims, its entry of voluntary dismissal of Vinebrook's claim, and the fact that the court entered dismissal without prejudice. In essence, they argue the trial court resolved the case prematurely without fully accounting for money owed to Tenants. We consider these arguments together. Finally, Tenants contend in their second assignment of error that the court erred in allowing concurrent litigation and collections activity.

## II.

{¶8} Across their first and third assignments of error, Tenants claim the trial court erred in entering a voluntary dismissal, without prejudice, of Vinebrook's damages claim. In essence, Tenants argue that the case was resolved prematurely and that the court should have continued the full case for complete resolution. The trial court entered its dismissal of Vinebrook's damages claim after its lawyer orally expressed its willingness to voluntarily dismiss on the day of trial. This form of dismissal is permitted under Civ.R. 41(A)(2). However, in the event that "a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, a claim shall not be dismissed against the

4

defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Civ.R. 41(A)(2). In other words, "the motion should be granted when the defendant will not be prejudiced thereby, except by the prospect of a second lawsuit." *Thompson v. Markham*, 1st Dist. Hamilton No. C-880034, 1989 Ohio App. LEXIS 2927, 3 (July 26, 1989). Voluntary dismissals by order of court are without prejudice unless otherwise specified. Civ.R. 41(A)(2).

{¶9} In reviewing the court's entry of voluntary dismissal, we apply an abuse of discretion standard. *Thompson* at 3 ("The determination of a motion for voluntary dismissal under Civ. R. 41(A)(2) is generally within the sound discretion of the trial court."). Abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah,* 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶10} Although Tenants do not explicitly claim that dismissing Vinebrook's damages claim caused them any prejudice in pursuit of their counterclaim, we can piece together such an argument from their brief. But our review of the record fails to substantiate the point. Through its damages claim, Vinebrook sought to recover unpaid rent and fees. Tenants' counterclaim asserts the opposite—Vinebrook (and the court) owes them, not the other way around. But Tenants offers no means by which dismissal of Vinebrook's damages claim prejudices them in prosecuting their counterclaim. In other words, Tenants' counterclaim in no way depends upon the survival of Vinebrook's damages claim. Furthermore, the default disposition of a voluntary dismissal under Civ.R. 41(A)(2) is to dismiss without prejudice, and Tenants advance no argument for why the court should have departed from that presumption.

Therefore, we cannot say that the trial court abused its discretion in dismissing Vinebrook's claim without prejudice.

### III.

{¶11} Tenants missed their chance to present their counterclaims at trial by failing to appear. But failing to prosecute one's claims by missing a key hearing or trial date does not necessarily permit the court to involuntarily dismiss the claims without further discussion. Between their first and third assignments of error, Tenants additionally assert that the trial court erred in entering judgment for Vinebrook as a consequence of their no-show. They're correct, at least in procedural terms.

{¶12} Civ.R. 41(B)(1) permits the trial court, "after notice to the plaintiff's counsel," to involuntarily dismiss a plaintiff's claim when the plaintiff "fails to prosecute, or comply with these rules or any court order." "[W]here a plaintiff fails to appear on the date set for a hearing, the court may either order a Civ. R. 41(B)(1) dismissal or grant a continuance. There is no authority in the Civil Rules for proceeding to a trial on the merits of the plaintiff's claim in his absence." *Allstate Ins. Co. v. Rule*, 64 Ohio St.2d 67, 69, 413 N.E.2d 796 (1980). Although Tenants here were defendants in the underlying eviction proceedings, they act as plaintiffs in pursuing their counterclaims, and Civ.R. 41 treats counterclaims as "claims" for purposes of involuntary dismissal. Civ.R. 41(C). Subject to narrow exceptions not applicable here, involuntary dismissals under Civ.R. 41(B)(1) constitute adjudications on the merits (i.e., with prejudice). Civ.R. 41(B)(3).

{¶13} As an initial matter, we can fairly construe the trial court's "judgment" for Vinebrook on Tenants' counterclaims as an involuntary dismissal under Civ.R. 41(B)(1). The effect of involuntary dismissal and the court's judgment is the same—

6

Tenants lose on their counterclaims with prejudice and are unable to bring them again. And an involuntary dismissal, rather than a judgment for Vinebrook, better reflects the nature of the court's decision. Rather than a default judgment, which the court can award when *defendants* fail to appear for trial, an involuntary dismissal is appropriate when claimants fail to prosecute their claim, or, in this instance, their counterclaim. We therefore treat the trial court's October 3, 2022 judgment entry as an involuntary dismissal, with prejudice, of Tenants' counterclaims against Vinebrook under Civ.R. 41(B)(1).

{¶14} "We review a decision to dismiss a case pursuant to Civ.R. 41(B)(1) for an abuse of discretion, and dismissals with prejudice are subject to heightened scrutiny." *Williams v. Metro*, 1st Dist. Hamilton No. C-190321, 2020-Ohio-3515, ¶ 23. Abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, at ¶ 35. Because a court "does not have discretion to apply the law incorrectly," however, we apply a de novo standard when reviewing issues of law. *Id*. at ¶ 38. Although the court has discretion whether to enter an involuntary dismissal upon a party's failure to prosecute under Civ.R. 41(B)(1), it must comply with the rule's notice requirement if it chooses to do so. Therefore, although we review the trial court's decision whether to enter an involuntary dismissal for an abuse of discretion, we review its compliance with Civ.R. 41(B)(1)'s notice requirement de novo.

{¶15} "Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1). Hence, '[i]t is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for

7

trial on the assigned trial date.' " *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128, 647 N.E.2d 1361 (1995), quoting John W. McCormac*, Ohio Civil Rules Practice*, Section 13.07, at 356-357 (2d Ed.1992); *see Dlouhy v. Frymier*, 92 Ohio App.3d 156, 161, 634 N.E.2d 649 (9th Dist.1993) ("The notice requirement is an absolute prerequisite for dismissal for failure to prosecute."). Furthermore, "the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice." (Emphasis sic.) *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986). For pro se litigants with claims subject to dismissal under this rule, "notice of the intended dismissal [is] required to be sent to [claimant] himself." *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983).

{¶16} Notice under Civ.R. 41(B)(1) can be express or implied. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49, 684 N.E.2d 319 (1997), citing *Logsdon* at 129 (Cook, J., concurring in part and dissenting in part); *see Producers Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003-Ohio-1067, ¶ 19 ("[I]mplied notice of a trial court's intention to dismiss exists when a party is on notice that the opposing party has requested dismissal."); *Williams* at ¶ 26, citing *Quonset Hut, Inc.* at 47-48 ("A plaintiff has adequate notice under Civ.R. 41(B) when the defendant filed a motion to dismiss with prejudice, the plaintiff filed a responsive motion, and the plaintiff did not take any later steps to correct the noncompliance."). However, merely scheduling a case for trial and providing notice of the date to the claimant is insufficient to constitute actual or implied notice under Civ.R. 41(B)(1). *Logsdon* at 128-129 (rejecting the partial concurrence's argument to the contrary). To further understand the rule's notice requirement, we derive additional guidance from its ascribed purpose. "The purpose of notice is to 'provide the party in default an

8

opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.' * * * Notice allows the dismissed party to explain the circumstances causing his or her nonappearance." *Logsdon* at 128, quoting McCormac, Section 13.07, at 357. In sum, when a party fails to appear for trial but has not received notice that their failure to appear would result in involuntary dismissal, the court owes the party an opportunity to explain their absence, effectively giving notice, prior to entering the dismissal. If the court is then satisfied with the explanation, it can instead continue the case.

{¶17} Here, neither Vinebrook nor the trial court provided Tenants actual or implied notice of the court's intent to involuntarily dismiss their counterclaims. On the day of trial, Tenants failed to appear, and the court effectively dismissed Tenants' counterclaims contemporaneously. Seemingly acknowledging that the requirements of Civ.R. 41(B) apply here, Vinebrook assures us that Tenants actually received notice, pointing to two different sources in the record. First, it emphasizes the trial court's October 2021 entry setting a case management conference for December 2021, in which the trial court notes "[f]ailure to appear will be grounds for dismissal and/or default." However, this order put Tenants on notice only about the consequences for missing that case management conference, not the trial, which was eventually scheduled to occur about a year later. Second, Vinebrook refers us to the trial court's admonishment to Tenants at the July 2022 motions hearing, described above in Part I. But warning Tenants that "there will be no continuances," and "[w]e're going to go to trial and that's going to be that," fails to provide Tenants with direct or implied notice that their failure to appear at trial would result in involuntary dismissal of their counterclaims. Furthermore, Vinebrook did not move for involuntary dismissal due

9

to Tenants' failure to appear at trial prior to the court's final judgment. Therefore, Tenants lacked explicit or implied notice.

{¶18} Because Tenants lacked sufficient notice prior to missing the trial date, we conclude that Tenants were owed at least an opportunity to explain their failure to appear at trial and for the trial court to take their argument into consideration prior to deciding whether to enter an involuntary dismissal of their counterclaims. *See Logsdon*, 72 Ohio St.3d at 128, 647 N.E.2d 1361. Instead, the trial court immediately entered its final judgment, which we construe as an involuntary dismissal, on Tenants' counterclaims without affording them a chance to be heard. Therefore, we sustain Tenants' first and third assignments of error only insofar as they challenge the court's failure to comply with Civ.R. 41(B)(1)'s notice provision. They are overruled in all other respects.

IV.

{¶19} Finally, Tenants' second assignment of error faults the court for allowing collections activity to occur during the course of this litigation. Although we acknowledge the burden of compounding financial and legal troubles, the legal basis for Tenants' assignment of error remains unclear. Tenants cite one case, *Mazzarella v. McGinnes*, Cleveland M.C. No. 91-CVG-30291 (Dec. 30, 1991), without explaining its relevance. A review of that case reveals no potential applicability to Tenants' claim. "An appellate court may disregard an assignment of error presented for review 'if the party raising it fails to identify in the record the error on which the assignment of error is based.' " *Fontain v. Sandhu*, 1st Dist. Hamilton No. C-200011, 2021-Ohio-2750, ¶ 14, quoting App.R. 12(A)(2); App.R. 16(A). Because Tenants failed to identify a legal basis for their argument, we overrule their second assignment of error.

10

\*     \*     \*

**{¶20}** Ultimately, we sustain in part and overrule in part Tenants' first and third assignments of error. We reverse only the trial court's judgment for Vinebrook on Tenants' counterclaims and remand solely for the purpose of allowing Tenants notice consistent with Civ.R. 41(B) and a reasonable opportunity to explain their absence at trial. Upon consideration of Tenants' arguments, the trial court should ultimately decide whether to enter the involuntary dismissal of Tenants' counterclaims or to continue the case for a new trial date. In conjunction with its decision, the trial court should resolve Tenants' motion to set aside the default judgment. We affirm the trial court's voluntary dismissal of Vinebrook's damages claim and overrule Tenants' second assignment of error regarding collections activity. Finally, to the extent that it hasn't already, the trial court should ensure that it returns Tenants' $1,350 rent bond, as agreed upon by the parties and the court.

Judgment affirmed in part, reversed in part, and cause remanded.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.