[Cite as *Harmon v. Walters*, 2025-Ohio-1037.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JAMES HARMON, JR., | : | APPEAL NO. C-240321 |
| | | TRIAL NO. A-2202354 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| MELANEY WALTERS, | : | *O P I N I O N* |
| and | : | |
| JAMES GRAY, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 26, 2025

*Paul Croushore*, for Plaintiff-Appellant,

*Joseph P. Hoerig*, for Defendants-Appellees.

**KINSLEY, Presiding Judge.**

**{¶1}** Plaintiff-appellant James Harmon, Jr., appeals the judgment of the trial court dismissing his case under Civ.R. 41(B)(1). For the reasons set forth below, we reverse the trial court's judgment and remand the matter to the trial court for further proceedings.

## I. *Factual and Procedural History*

**{¶2}** Harmon filed the instant personal-injury complaint against defendants-appellees Melaney Walters and James Gray ("defendants") on June 29, 2022, after an automobile accident that occurred on April 9, 2017.

**{¶3}** In total, three attorneys took action on Harmon's behalf below. One attorney and a law firm filed the complaint on behalf of Harmon. A second attorney filed the classification form with the complaint, while a third attorney, for whom the law firm was named, paid the initial case deposit and was also listed as Harmon's attorney on the summonses issued to defendants.

**{¶4}** Defendants moved to continue the initial trial date, which the trial court had set for August 23, 2023. The case scheduling order reflects that the third attorney participated by phone on Harmon's behalf at a hearing on defendants' motion. At the hearing, the trial court granted defendants' motion and issued a revised case scheduling order. Pursuant to the revised order, the trial court scheduled a pretrial conference on May 28, 2024, with pretrial statements due two days prior, and a jury trial on June 10, 2024.

**{¶5}** On March 1, 2024, the first attorney filed a notice of withdraw of co-counsel. In the notice, the attorney stated that Harmon would continue to be represented by the second and third attorneys.

**{¶6}** But on March 13, 2024, both of those lawyers filed a motion to withdraw

as Harmon's counsel, advising the court that Harmon had terminated their representation. The second attorney attached a certificate of service certifying that she had served a copy of the motion on Harmon via email.

**{¶7}** On March 27, 2024, the trial court granted counsels' motion to withdraw. In its written entry, the trial court indicated that the case remained set for pretrial conference on May 28, 2024, and for a jury trial on June 10, 2024. But the entry altered the deadline for the submission of pretrial statements, despite the fact that no party had sought to alter the existing schedule. Rather than requiring the parties to submit pretrial statements two days before the May 28, 2024 pretrial conference, as its earlier scheduling order had required, the March 27, 2024 entry instead set a due date of May 10, 2024, for pretrial statements. The entry also required the submission of exhibit and witness lists and damage calculations by that date. It further indicated that "[f]ailure to file timely may result in in dismissal and/or sanctions."

**{¶8}** On April 10, 2024, Harmon filed a pro se motion requesting that the trial court continue the June 10, 2024 trial date. As grounds for the motion, Harmon represented that he had been unable to either obtain his case file from his previous attorneys or to secure new counsel. Defendants opposed Harmon's motion.

**{¶9}** On April 14, 2024, the trial court denied Harmon's motion to continue the trial. Its order stated that "[t]he [c]ourt was very clear with all parties last month that no continuances would be granted. The [c]ourt reiterates all the dates from the March 27, 2024 Order Granting Motion to Withdraw as Counsel and failure to timely comply may result in dismissal and/or sanctions."

**{¶10}** Harmon appealed the trial court's April 14, 2024 entry denying his motion for a continuance to this court. While Harmon's appeal was pending before

3

this court, the trial court's May 10, 2024 deadline for the submission of pretrial statements and other trial documents expired without action by Harmon.

**{¶11}** On May 22, 2024, we dismissed Harmon's appeal for lack of a final, appealable order. One day later, on May 23, 2024, the trial court issued an entry dismissing Harmon's case under Civ.R. 41(B)(1) for failure to file pretrial statements, and witness, exhibits, and damages lists by May 10, 2024, as provided in the court's March 27, 2024 order. This appeal by Harmon ensued.

## II. Analysis

### A. Counsels' Motion to Withdraw

**{¶12}** In Harmon's first assignment of error, he argues that the trial court erred in permitting his attorneys to withdraw.

**{¶13}** An appellate court reviews a trial court's decision granting an attorney's motion to withdraw for an abuse of discretion. *Ark Advanced Remediation, LLC v. Watson*, 2024-Ohio-2874, ¶ 21 (4th Dist.). A party in a civil action has no generalized right to counsel. *McConnell v. McConnell*, 2013-Ohio-694, ¶ 17 (4th Dist.).

**{¶14}** Harmon appears to argue that when the first attorney filed his notice to withdraw as counsel, Harmon was somehow left without counsel. However, the record reflects that the second and third attorneys represented Harmon in the case, along with the first attorney, from its inception. Although the first attorney filed the complaint, the second attorney filed the initial classification form, and the third attorney was listed as Harmon's counsel on the summonses issued to defendants. The third attorney also appeared via phone on Harmon's behalf at the case-management conference. We see no abuse of discretion in the trial court's decision permitting the withdrawal of the first attorney under these circumstances.

**{¶15}** Harmon also argues that he did not receive notice of the motion to

4

withdraw filed by the second and third attorneys, but the record again belies Harmon's argument. According to the withdrawal motion, Harmon actually terminated his lawyers. Harmon attended the trial court's hearing on counsels' motion to withdraw, and Harmon told the trial court that he did not object to their withdrawal. Harmon therefore waived any issue with regard to the withdrawal of his second and third attorneys. *See McDerment v. McDerment*, 2019-Ohio-2609, ¶ 13 (9th Dist.) (holding that civil litigant waived challenge to his attorney's withdrawal by failing to object before the trial court).

**{¶16}** Therefore, the trial court did not abuse its discretion in granting counsels' motion to withdraw, and we overrule Harmon's first assignment of error.

### B. Involuntary Dismissal

**{¶17}** Harmon's second and third assignments of error both challenge the trial court's order dismissing Harmon's case under Civ.R. 41(B)(1). The trial court issued its decision one day after Harmon's first appeal was dismissed on the grounds that Harmon did not comply with the adjusted deadlines in the court's March 27, 2024 order. Harmon's second assignment of error contends that the trial court abused its discretion in dismissing his case based on his failure to comply with pretrial deadlines where the deadlines contradicted those in the initial case scheduling order and where the defendants had similarly not complied with the revised deadlines. In Harmon's third assignment of error, he argues that the trial court erred in dismissing his case without giving him notice and opportunity to "come into compliance."

**{¶18}** Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." This court reviews a trial court's decision to dismiss an action under Civ.R.

5

41(B)(1) for an abuse of discretion; however, whether the plaintiff had adequate notice of the possible dismissal is a legal issue that this court reviews de novo. *Vinebrook Homes, LLC v. Perkins*, 2023-Ohio-3721, ¶ 14 (1st Dist.).

**{¶19}** Civ.R. 41(B)(1)'s notice requirement is satisfied where plaintiff "has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49 (1997). As the Ohio Supreme Court has explained, "[t]he purpose of notice is to 'provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128 (1995), quoting McCormac, *Ohio Civil Rules Practice*, §13.07, at 356-357 (2d Ed. 1992); *see Sazima v. Chalko*, 86 Ohio St.3d 151, 155 (1999) ("The purpose of notice is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default."). Thus, both notice of the possibility of dismissal and a reasonable opportunity to explain or correct the default or to explain why dismissal is not warranted are required before a Civ.R. 41(B)(1) dismissal is proper.

**{¶20}** We observed as much in *Vinebrook Homes, LLC*, at ¶ 15, 18. There, we held that the defendants lacked sufficient notice that their counterclaims would be dismissed by the trial court when the defendants missed their scheduled trial date, and the trial court contemporaneously dismissed their counterclaims. *Id.* Even though the trial court had warned the defendants that no trial continuances would be granted, we held that the trial court's admonishment was not sufficient to inform the defendants that their failure to appear at trial would result in dismissal of their counterclaims. *Id.* at ¶ 11, 17. We accordingly concluded that the defendants should have received an opportunity to explain their failure to appear prior to dismissal. *Id.*

6

at ¶ 18.

**{¶21}** In this case, the trial court provided Harmon with notice that noncompliance with pretrial filing deadlines may result in dismissal of his action when, in its March 27, 2024 order, it noted that "[f]ailure to file timely may result in dismissal and/or sanctions." Although Harmon argues that he did not receive notice of the trial court's March 27, 2024 order, his motion to continue the trial date, which he filed on April 10, 2024, specifically referenced the trial court's March 27, 2024 order. Furthermore, the trial court's entry denying Harmon's motion for a continuance from which Harmon appealed also specifically stated that "the dates from the March 27, 2024 Order Granting Motion to Withdraw as Counsel and failure to timely comply may result in dismissal and/or sanctions." Thus, not only did the trial court provide notice that dismissal was possible, but it appears that Harmon also received that notice.

**{¶22}** However, the trial court did not give Harmon an opportunity to explain his noncompliance with the May 10, 2024 pretrial filing deadline before dismissing his case. Instead, the trial court simply dismissed his complaint on its own accord the day after Harmon's first appeal was dismissed. This constitutes an abuse of discretion under Civ.R. 41(B)(1) and *Vinebrook Homes, LLC*, 2023-Ohio-3721, at ¶ 18 (1st Dist.).

**{¶23}** Harmon offers a number of explanations for his inattention to the May 10, 2024 pretrial filing deadline in his appellate briefing. These include (1) that the matter was on appeal as of May 10, 2024, thus depriving the trial court of jurisdiction to proceed with pretrial actions, (2) that he had not properly been served with the March 27, 2024 order modifying the pretrial deadlines and therefore could not be expected to comply with it, and (3) that defendants also did not comply with the revised due dates, mitigating against dismissal as a sanction. Without passing

7

judgment as to whether these arguments have merit, we note that a hearing permitting Harmon to explain his position is not an exercise in futility, as Harmon raises at least possibly plausible arguments that the trial court should resolve in the first instance under Civ.R. 41(B)(1).

**{¶24}** We appreciate defendants' frustration with what they perceive to be as dilatory conduct on Harmon's part. The accident which forms the basis of Harmon's lawsuit occurred in April 2017, seven years ago. Harmon filed his case once, and then dismissed it, before filing the case again in 2022. The trial court agreed to move the original trial date ahead almost a year—from August 2023 to June 2024, and then Harmon terminated his lawyers with less than three months until trial. The trial court set clear expectations that the trial date remained firm, but Harmon requested a continuance anyway. When the trial court denied the continuance, Harmon appealed that order, even though the order was not final and appealable. *See Harmon v. Walters*, No. C-240271 (1st Dist. May 22, 2024).

**{¶25}** Nonetheless, the trial court's sua sponte dismissal of Harmon's case did not give Harmon one last opportunity to explain his failure to meet the May 10, 2024 pretrial filing deadline. Therefore, we sustain Harmon's second and third assignments of error insofar as we determine that the trial court erred in dismissing Harmon's case with prejudice under Civ.R. 41(B)(1) without providing Harmon an opportunity to explain his noncompliance.

### III.    Conclusion

**{¶26}** We reverse the trial court's judgment dismissing Harmon's case, and we remand the matter to the trial court for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**ZAYAS** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.