[Cite as *White v. Epps*, 2025-Ohio-1344.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| KRYSTAL WHITE, | : | APPEAL NO. | C-240312 |
|  |  | TRIAL NOS. | SK-2400258 |
| and | : |  | SK-2400259 |
| LASHAWNDON WILLIAMS, | : | *O P I N I O N* | |
| Petitioners-Appellees, | : |  |  |
| vs. | : |  |  |
| ALICIA EPPS, | : |  |  |
| Respondent-Appellant. | : |  |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: April 16, 2025

*Alicia Epps*, pro se.

**BOCK, Judge.**

**{¶1}** Respondent-appellant Alicia Epps appeals the trial court's granting petitioners-appellees Krystal White and Lashawndon Williams civil-stalking-protection orders. In a single assignment of error, Epps maintains that the trial court erred when it sustained White's and Williams's objections to the magistrate's orders dismissing their petitions for failing to prosecute their claims.

**{¶2}** The trial court did not abuse its discretion when it sustained the objections based on uncontested facts. Moreover, White's and Williams's prompt objections to the dismissal orders refute any notion that they abandoned their petitions.

**{¶3}** We overrule Epps's assignment of error and affirm the trial court's judgment.

## I. Factual and Procedural History

**{¶4}** In February 2024, White and Williams each filed a pro se petition for a civil-stalking-protection order under R.C. 2903.214 against Epps. White alleged that Epps had "been stalking and threatening me for months, I'm in fear of what [she] might do because she already tried to stab me back in July." Following an ex parte hearing, the magistrate issued temporary orders to Epps to stay away from White and Williams, to not interfere with their residences, and to not enter their businesses, places of employment, daycare centers, or childcare centers.

**{¶5}** After White and Williams failed to appear at a March 11, 2024 hearing, the magistrate dismissed the petitions.

**{¶6}** White and Williams filed objections. Williams explained that she had been in the hospital on the day of the hearing. And White explained that she was with Williams in the hospital and was her "ride," which caused her to miss the hearing.

Epps did not respond to those objections. The trial court sustained the objections and remanded the cases to the magistrate for a full hearing, because there was "evidence that [Williams] was hospitalized at the time and [White] accompanied her."

**{¶7}** Following a hearing in April 2024, the magistrate issued interim civil-stalking-protection orders restraining Epps from engaging in threatening or abusive acts until April 28, 2027. After Epps failed to object, the trial court adopted the orders.

## II. Analysis

**{¶8}** Epps argues that the trial court erred when it sustained White's and Williams's objections without proof of hospitalization, and appears to argue that their objections were frivolous.

**{¶9}** Involuntary dismissals are governed by Civ.R. 41. A trial "court has discretion whether to enter an involuntary dismissal upon a party's failure to prosecute under Civ.R. 41(B)(1)." *Vinebrook Homes, LLC v. Perkins*, 2023-Ohio-3721, ¶ 14 (1st Dist.). We review the trial court's decision for an abuse of discretion. *Id.* A trial court abuses its discretion when it "'exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.'" *Id.,* quoting *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶10}** Under Civ.R. 41(B)(1), "[w]here the plaintiff fails to prosecute . . . the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Likewise, Hamilton C.P., Gen.Div., Loc.R. 18 allows a trial court to dismiss an action when "the party prosecuting such cause fails to prosecute if notice is given to the petitioner." Notice of an impending dismissal "give[s] the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default." *Sazima v. Chalko*, 86 Ohio St.3d 151, 155 (1999).

**{¶11}** The trial court acted within its discretion when it sustained White's and Williams's objections to the magistrate's dismissal for failure to prosecute. Epps did not challenge White's and Williams's explanations for their absences, so it is unclear why evidence was necessary to establish an uncontested fact. Plus, White and Williams filed their objections within seven days of the magistrate's order. Their swift responses demonstrated their intent to prosecute their claims. Considering White's and Williams's justifications and quick response, the trial court reasonably sustained their objections and remanded the cases to the magistrate for a full hearing.

**{¶12}** In support of her argument, Epps cites R.C. 2937.43, but that statute governs the trial court's authority to issue an arrest warrant for a criminal defendant based on the defendant's failure to appear in court. She also cites R.C. 2323.51, but that statute governs awards of court costs, reasonable attorney fees, and other reasonable expenses. These statutes are not relevant to the issues in this case.

**{¶13}** Because the trial court did not abuse its discretion, we overrule the assignment of error.

### III. Conclusion

**{¶14}** We overrule Epps's assignment of error and affirm the trial court's judgments.

Judgments affirmed.

**ZAYAS, P.J.,** and **MOORE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.